WILLIAM M. DORMAN et ux., Appellants, *v.* L. C. TOST, Administrator of John Lane et al., Appellees.

### APPEAL FROM WHITE.

An order to sell the real estate of a decedent will not be made, unless it is shown that there are existing debts against the estate.

LANE, as administrator *de bonis non* of Christopher Robinson, deceased, filed his petition in the Gallatin Circuit Court, stating that in November, 1819, letters of administration upon the

estate of Robinson, were granted to Mary Robinson, his widow, and John Brown, who proceeded to administer; but in consequence of a failure to collect debts due to the estate, they were unable to pay the debts due from the estate, and particularly a debt due the Bank of Illinois, which the bank consented to have renewed by the administrator. That in August, 1821, Lane intermarried with the widow of Robinson, and thereby became connected with the administration. That Mrs. Robinson, then Mrs. Lane, died in the Fall of 1822, leaving Brown as surviving administrator, who, after an absence of several years, returned in 1826, and proceeded to make a further settlement of the estate, by which a large indebtedness on account of the bank against the estate, was again renewed by the bank, but remained unpaid for want of assets. That Lane, in consequence of his marriage, had become a party to the note renewed by the bank, and was personally liable in the sum of $1,008.80.

That Brown applied to the legislature in 1826, for a law to authorize a sale of land to pay a balance due himself and Lane for moneys advanced and claims liquidated by them. That the law was passed, appointing Lane as commissioner to sell the lands, and directing that the proceeds should be applied to the payment of such balance.

That Lane in January, 1827, at public auction, sold the land for $1,057.00. That the moneys were applied in discharge of those liabilities. That the estate remained without a new administration until June, 1837, when Nancy Dorman, the daughter of Robinson, together with William M. Dorman, her husband, brought ejectment and recovered the land sold by Lane, under the act of the legislature. That the said sum of $1,057.00, being the proceeds of the sale, has not been refunded to the purchasers thereof.

That in June, 1841, Lane became by appointment administrator *de bonis non* of the estate of Robinson remaining unadministered. That upon examination of said estate, he found it still indebted in the sum of $1,008.80, without any personal assets remaining unadministered, but having the said real estate.

Petition prayed that Dorman and wife should be made parties

to the application, and that a decree should be made, directing that the said lands, or so much thereof as may be necessary to pay the remaining debts, should be made.

Dorman and wife appeared, and a change of venue was awarded to White county. A demurrer to the petition was filed in the White Circuit Court, which was overruled, and leave to answer the petition was given. At March term, 1849, of the White Circuit Court, an order was entered authorizing the sale of the land. Whereupon Dorman and wife appealed to this court.

During the pendency of this suit in this court, at Mount Vernon, Lane deceased, and L. C. Tost, as his administrator, was substituted in his stead; and by agreement of parties the venue was changed from the first grand division, to this division.

A. LINCOLN, for appellants.

D. L. GREGG and R. S. BLACKWELL, for appellees.

TREAT, C. J. The material facts set forth in this petition are these. Robinson died intestate in 1819, leaving considerable real and personal estate. In November, 1826, his administrators made a settlement with the Probate Court, which, after charging them with the assets, showed a balance against the estate of $1,008.87, consisting chiefly of a debt due to the Bank of Illinois. In January, 1827, the legislature passed a special act, authorizing John Lane to sell enough of the real estate to discharge this balance. During the same month, Lane sold several tracts of the land, for the sum of $1,057, and applied the proceeds to the payment of the debt to the bank. The heir of Robinson subsequently recovered these lands by ejectment. The recovery was sustained by this court, on the ground that the act of the legislature, and the proceedings under it, were unauthorized and void. See Lane *v.* Dorman, 3 Scam. 238. In 1841, Lane was appointed administrator *de bonis non* of Robinson; and he then applied to the Circuit Court, and obtained an order for the sale of so much of the real estate as would satisfy the sum of $1,008.87, and interest thereon from

the settlement.    That order was reversed in this court, and the cause was remanded for further proceedings.    See Dorman *v.* Lane, 1 Gilm. 143.    The petition was subsequently so amended as to present the foregoing state of facts.

There is an insuperable objection to this petition.    It does not show that there are any existing debts against the estate, which the administrator will ever be called upon to discharge. It expressly states, that the debt to the Bank of Illinois was fully paid with the proceeds of the sale made in 1827.    And it does not allege that any claims have since been established, or even exhibited, against the estate.    There is, therefore, no basis for the application.    Whether the purchaser of the lands may have a valid claim against the estate, for the amount of the purchase-money paid by them, is not material for the purposes of this case.    If they can rightfully insist that the money shall be refunded, because advanced upon a consideration that has failed, still it does not appear from the petition, that they have ever asserted the right against Lane, either in his individual or representative capacity.    Until the purchasers establish their demands against the estate, if, indeed, they are not already barred by the lapse of time from so doing, there can be no necessity for the sale of the real estate.

It was intimated, in the former decision of the case, that the settlement of 1826 found a balance of $1,008.87, to be due from the estate to Lane, individually; and that the sale, being without authority of law, did not operate as a payment or discharge of the allowance.    But, upon a closer scrutiny, we are satisfied that no such effect can be given to the settlement.    It only found that the debts proved against the estate exceeded the assets in that sum.    It did not determine that the balance was due to the administrators, or to Lane personally ; but, on the contrary, it clearly appears that the same was due to the Bank of Illinois. This petition distinctly alleges, that the debt to the bank was paid with the money raised by the sale of the lands.    The debt was thereby extinguished.    It was not revived by the subsequent recovery of the lands by the heir.    As the case is now presented, the purchasers alone have any cause to complain ; and it does not appear that they have taken any steps to recover back the purchase-money.

The petition does not disclose the least necessity for the application; and the court consequently erred in overruling the demurrer, and in granting a license to sell the real estate.

The judgment is reversed.

*Judgment reversed.*