CROOKS, COLLECTOR OF INTERNAL REVENUE, *v.* HARRELSON ET AL.

No. 24. Argued October 31, 1930.—Decided November 24, 1930.

*Mr. Claude R. Branch,* Special Assistant to the Attorney General, with whom *Solicitor General Thacher, Assistant Attorney General Youngquist, Mr. Sewall Key* and *Miss Helen R. Carloss,* Special Assistants to the Attorney General, *Messrs. Clarence M. Charest,* General Counsel, and *William T. Sabine, Jr.,* Special Attorney, Bureau of Internal Revenue, and *Mr. Erwin N. Griswold,* were on the brief, for petitioner.

*Messrs. Frank S. Bright* and *S. L. Swarts,* with whom *Messrs. Massey Holmes, L. C. Connally,* and *H. Stanley Hinrichs* were on the brief, for respondents.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

Benjamin H. Harrelson, a resident of Missouri, died testate in 1920, leaving within the State property and assets which included real property valued at over $269,000. The Commissioner of Internal Revenue, upon

a final audit and review of the federal estate tax return of the executors made under the Revenue Act of 1918, included the real property as a part of the gross estate for the purpose of computing the tax. The executors paid $37,762.20, the amount attributable to the value of the real property, and subsequently claimed a refund thereof on the ground that the value of the decedent's real property having its situs in Missouri was not, under the law of that State and the terms of the federal statute, properly subject to an estate tax, and the amount was, therefore, illegally assessed and collected. The estate having been closed and distributed and the executors discharged, plaintiffs (respondents here), as sole beneficiaries and distributees, brought this action in a federal district court against the defendant (petitioner here) to recover the amount so paid and claimed, together with interest. Defendant demurred to the complaint on the ground that the facts stated were not sufficient to constitute a cause of action. The district court overruled the demurrer and, defendant having declined to plead further, rendered judgment against him for the sum claimed, with interest and costs. 28 F. (2d) 510. Upon appeal the circuit court of appeals affirmed the judgment. 35 F. (2d) 416.

A correct determination of the question presented requires consideration of the provisions of § 402 of the Revenue Act of 1918, c. 18, 40 Stat. 1057, 1097–8, the relevant portion of which follows:

"Sec. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate;"

The court below held—(1), that by the express provisions of the foregoing section, the value of the interest of a decedent in any property at the time of his death may not be included in the gross estate for the purpose of the tax unless there be a concurrence of the requirements there set forth, namely, (a) that the interest of the decedent be subject to the payment of the charges against his estate, (b) that such interest be subject to the expenses of administration, and (c) that such interest be subject to distribution as part of his estate; and (2) that by the law of Missouri such interest in real property is not subject to the expenses of administration, and, therefore, the requirement in that respect is not met. Both propositions are controverted by the petitioner.

*First.* The meaning of the provision in question, considered by itself, does not seem to us to be doubtful. The value of the interest of the decedent is not to be included unless it " is subject to the payment of the charges against his estate *and* the expenses of its administration "—not one or the other, but both. We find nothing in the context or in other provisions of the statute which warrants the conclusion that the word " and " was used otherwise than in its ordinary sense; and to construe the clause as though it said, " to the payment of charges and expenses, *or either of them,*" as petitioner seems to contend, would be to add a material element to the requirement, and thereby to create, not to expound, a provision of law. Nor will it do to say that the words, " *charges against his estate,*" include expenses of administration, for plainly they are different and distinct things, generally so classified in the settlement of estates of decedents, and so regarded by Congress, as evidenced by the discriminating terms of the statute.

A similar question was presented to this court and decided in *United States* v. *Field,* 255 U. S. 257. It was there held that the interest of the decedent, Mrs. Field,

was not taxable under § 202 (a) of the Revenue Act of 1916, reënacted as clause (a) of §§ 402 now under review, because it was not her property at the time of her death, nor subject to distribution as part of her estate. The court said (p. 262):

" The conditions expressed in clause (a) are to the effect that the taxable estate must be (1) an interest of the decedent at the time of his death, (2) which after his death is subject to the payment of the charges against his estate and the expenses of its administration, and (3) is subject to distribution as part of his estate. These conditions are expressed conjunctively; and it would be inadmissible, in construing a taxing act, to read them as if prescribed disjunctively. Hence, unless the appointed interest fulfilled all three conditions, it was not taxable under this clause."

It is to be observed that the court, by combining under one head the provision in respect of charges against the estate and that in respect of expenses of administration, treated clause (a) as containing three conditions instead of four; but this does not alter the fact that, whether stated separately or in combination, the second condition contains two distinct requirements, expressed conjunctively, and may not be read as though stated disjunctively. It seems clear enough that the *Field* case is decisive of the question and requires us to hold that if the value of the interest of the decedent now being considered is not subject, under the law of Missouri, to the expenses of administration, it forms no part of the gross estate for the purpose of the federal estate tax.

It is urged, however, that if the literal meaning of the statute be as indicated above, that meaning should be rejected as leading to absurd results, and a construction adopted in harmony with what is thought to be the spirit and purpose of the act in order to give effect to the intent of Congress. The principle sought to be applied is that

followed by this court in *Holy Trinity Church* v. *United States,* 143 U. S. 457; but a consideration of what is there said will disclose that the principle is to be applied to override the literal terms of a statute only under rare and exceptional circumstances. The illustrative cases cited in the opinion demonstrate that to justify a departure from the letter of the law upon that ground, the absurdity must be so gross as to shock the general moral or common sense. Compare *Pirie* v. *Chicago Title and Trust Company,* 182 U. S. 438, 451-452. And there must be something to make plain the intent of Congress that the letter of the statute is not to prevail. *Treat* v. *White,* 181 U. S. 264, 268.

Courts have sometimes exercised a high degree of ingenuity in the effort to find justification for wrenching from the words of a statute a meaning which literally they did not bear in order to escape consequences thought to be absurd or to entail great hardship. But an application of the principle so nearly approaches the boundary between the exercise of the judicial power and that of the legislative power as to call rather for great caution and circumspection in order to avoid usurpation of the latter. *Monson* v. *Chester,* 22 Pick. 385, 387. It is not enough merely that hard and objectionable or absurd consequences, which probably were not within the contemplation of the framers, are produced by an act of legislation. Laws enacted with good intention, when put to the test, frequently, and to the surprise of the law maker himself, turn out to be mischievous, absurd or otherwise objectionable. But in such case the remedy lies with the law making authority, and not with the courts. See *In re Alma Spinning Company,* L. R. 16 Ch. Div. 681, 686; *King* v. *Commissioners,* 5 A. & E. 804, 816; *Abley* v. *Dale,* L. J. (1851) N. S. Pt. 2, Vol. 20, 233, 235. And see generally *Chung Fook* v. *White,* 264 U. S. 443, 445; *Commr. of Immigration* v. *Gottlieb,* 265 U. S. 310, 313.

In support of the claim that a literal construction is not admissible, it is said that by other provisions of § 402 certain interests in real property, such as dower, etc., are made subject to the tax without regard to the conditions set forth in subdivision (a), and that this results in an incongruity amounting to an absurdity. But unless the Constitution be violated, Congress may select the subjects of taxation and qualify them differently as it sees fit; and if it does so in plain terms, as it has done here, it is not within the province of the court to modify the law by construction. In any event, conceding that the conditions assailed have produced the incongruous results complained of, they fall far short of that degree of absurdity contemplated by the *Holy Trinity Church* case, or by any other decision of this court.

Finally, the fact must not be overlooked that we are here concerned with a taxing act, with regard to which the general rule requiring adherence to the letter applies with peculiar strictness. In *United States* v. *Merriam,* 263 U. S. 179, 187–188, after saying that " in statutes levying taxes the literal meaning of the words employed is most important, for such statutes are not to be extended by implication beyond the clear import of the language used," we quoted with approval the words of Lord Cairns in *Partington* v. *Attorney-General,* L. R. 4 H. L. 100, 122, that " if the Crown, seeking to recover the tax, cannot bring the subject within the letter of the law, the subject is free, however apparently within the spirit of the law the case might otherwise appear to be. In other words, if there be admissible in any statute, what is called an equitable construction, certainly such a construction is not admissible in a taxing statute, where you can simply adhere to the words of the statute."

*Second.* It is conceded by the petitioner, as it must be, that at common law real estate cannot be sold to pay expenses of administration, and that this rule of the common law is in effect in Missouri unless modified by statute.

It is further conceded that there is no statute which permits real estate to be sold merely to pay such expenses. One contention, however, is that an executor or administrator may be authorized by the proper court to sell real estate to pay debts and legacies if the personal estate is insufficient; and that upon such sale the executor or administrator is entitled to a commission on the proceeds of the sale, which takes priority over the payment of debts against the estate. As to this it is sufficient to say, as the court below said, that this commission is not an expense of administration, but an expense incidental to the sale of the lands. The Missouri Court of Appeals, in *Elstroth* v. *Young*, 94 Mo. App. 351, 355–356, held that the proceeds of the sale of lands so made could not be used to make good deficiencies in the expenses of administration.

The further contention that if the personal estate has been consumed by administration expenses and real estate is sold to pay debts and legacies, as a practical matter, real estate has been sold because of administration expenses, we put aside as inconsequential. In the case supposed it is perfectly evident that the real estate has been sold not to pay administration expenses, but to pay debts and legacies, and that fact is in no wise altered because the sale was necessitated by the consumption of the personalty for such expenses. The cause of the sale must not be confused with its purpose.

Nothing would be gained by a review of the numerous decisions of the Missouri courts. They are set forth and fully and well considered by the court below, and we entirely agree with that court's conclusion that these decisions establish " that real estate of a decedent in that state cannot be sold for the payment of expenses of administration, nor can the proceeds of land sold to pay debts be lawfully used to pay expenses of administration."

We have not failed to note the decision of the Court of Claims in *Steedman* v. *United States*, 63 C. Cls. 226, as well as the decision of the Board of Tax Appeals in *Bartlett* v. *Commissioner*, 16 B. T. A. 811, 816, but in so far as they conflict with the foregoing conclusions, they are disapproved.

*Judgment affirmed.*