Mary S. Garrison and St. Louis Union Trust Co., Executors and Trustees Under the Will of Oliver L. Garrison, Deceased, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 31627.   Promulgated December 26, 1930.

*Henry J. Richardson, Esq.*, for the petitioners.
*Frank T. Horner, Esq.*, for the respondent.

OPINION.

McMahon: Petitioners contend that the respondent erred in including in the gross estate of the decedent an amount of $92,140, the value of real estate located in Missouri which decedent and his wife owned as tenants by the entirety. Petitioners contend that this land was not properly a part of the decedent's gross estate because (1) real estate located in Missouri is not subject to administration expenses of the estate; and (2) the estate tax is imposed upon the transfer of the net estate of the decedent, and where land is held by the decedent and his wife as tenants by the entirety, the death of the decedent does not operate to transfer the property to the wife.

In *Crooks* v. *Harrelson*, 282 U. S. 55, the Supreme Court of the United States held that land, situated in Missouri, held by a decedent at the time of his death is not subject to the expenses of administration of his estate and, therefore, should not be included in the gross estate in computing the estate tax. The court held that subdivision (a) of section 402 of the Revenue Act of 1918 does not require the inclusion of such land in the gross estate. However, the court did not hold that because real property

in Missouri is not includable in the gross estate under subdivision (a) of section 402 of the Revenue Act of 1918, it may not, under certain circumstances, be included in the gross estate under other subdivisions of that section. In that regard the court said:

> In support of the claim that a literal construction is not admissible, it is said that by other provisions of §402 certain interests in real property, such as dower, etc., are made subject to the tax without regard to the conditions set forth in subdivision (a), and that this results in an incongruity amounting to an absurdity. But unless the Constitution be violated, Congress may select the subjects of taxation and qualify them differently as it sees fit; and if it does so in plain terms, as it has done here, it is not within the province of the court to modify the law by construction. In any event, conceding that the conditions assailed here produced the incongruous results complained of, they fall far short of that degree of absurdity contemplated by the *Holy Trinity Church* case, or by any other decision of this court.

\*     \*     \*     \*     \*     \*     \*

In so far as we are concerned in the instant proceeding, section 302 of the Revenue Act of 1924 is similar to section 402 of the Revenue Act of 1918. While it is true that the real property is not a part of the gross estate of the decedent by virtue of the provision of subdivision (a) of section 302 of the Revenue Act of 1924, we must still determine whether, under any other provision of section 302, it is includable in the gross estate.

Section 302 of the Revenue Act of 1924 further provides that the gross estate of the decedent shall be determined by including the value at the time of his death of all property:

> To the extent of the interest therein held \* \* \* as tenants by the entirety by the decedent and spouse, \* \* \* except such part thereof as may be shown to have originally belonged to such other person and never to decedent for less than a fair consideration in money or money's worth: \* \* \*

In the instant proceeding there is no evidence to show that any part of the land constituting the tenancy by the entirety had, prior to its creation, ever belonged to the surviving spouse. By the express provisions of section 302 of the Revenue Act of 1924, the full value of the property held by the decedent and his wife must be included in the gross estate of the decedent for estate-tax purposes. *Tyler* v. *United States*, 281 U. S. 497; *Ida A. Smith et al., Executors*, 20 B. T. A. 41; *Max Dann et al., Executors*, 20 B. T. A. 42; and *Ada M. Slocum, Executrix*, 21 B. T. A. 169. We must hold that the respondent did not err in including in the gross estate of the decedent the full value of the land held at the time of his death by him and his wife as tenants by the entirety.

Before his death the decedent was the owner of personal property valued at $912,887.29. The respondent included the full amount in the gross estate of the decedent for estate-tax purposes. The peti-

tioner contends that the respondent erred in including the full amount in the gross estate and that one-third of this amount should be excluded because, under the laws of the State of Missouri, this amount of the personalty was the widow's property absolutely, was not subject to distribution as part of the estate of the decedent, and was not transferred by the death of the decedent as that term is used in the Act. At the hearing petitioner cited *Hibbard* v. *Crooks*, 25 Fed. (2d) 896, in which the District Court, Western District of Missouri, held that under the law of Missouri the widow's share in the personalty of the decedent which she had elected to take in lieu of dower was her property absolutely, was never transferred from the decedent and, therefore, was not subject to the estate tax.

The holding of the District Court was reversed by the United States Circuit Court of Appeals, Eighth Circuit, 33 Fed. (2d) 567.

Since the hearing in the instant proceeding the Supreme Court, on January 13, 1930, denied a petition for certiorari in that case and the petitioner in the instant proceeding has apparently abandoned this contention. In any event, the decision of the United States Circuit Court of Appeals is governing and we must hold that the respondent did not err in including in the gross estate of the decedent the full amount of the personal property which he owned prior to his death.

Reviewed by the Board.

*Judgment will be entered for the respondent.*