MERCANTILE-COMMERCE NATIONAL BANK IN ST. LOUIS AND MARIE H. NICKELL, EXECUTORS AND TRUSTEES, ESTATE OF DOUGLAS J. LANDERS, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35443. Promulgated January 23, 1931.

*David Barron, Esq.*, and *Irvin V. Barth, Esq.*, for the petitioners.
*Harold Allen, Esq.*, for the respondent.

OPINION.

TRUSSELL: The petitioners contend that the value of the Missouri real estate which the decedent and his wife owned as tenants by the entireties, may not be included as a part of decedent's gross estate for Federal estate tax purposes for two reasons, namely, (1) that under the laws of Missouri, real estate is not subject to the payment of administration expenses, and thus does not meet the requirements set forth in section 302 (a) of the Revenue Act of 1924; and (2) that the estates by the entireties were created prior to September 8, 1916, and thus should not be included, pursuant to Treasury Decision 4248. The petitioners have not claimed, and no evidence has been submitted to show, that any part of the real estate constituting the tenancies by the entireties originally belonged to the surviving spouse and never to the decedent. The first of the aforesaid contentions was considered and decided adversely to petitioners by this Board in the case of *Mary S. Garrison et al.*, 21 B. T. A. 904, and upon authority of that decision we must hold that the full value of the real estate owned by the decedent and his wife as tenants by the entirety must be included in gross estate for estate tax purposes, pursuant to the express provisions of section 302 (e) of the Revenue Act of 1924. With respect to petitioners' second contention, made in the alternative, we must hold that value of the said real property must be included in the gross estate even though the estates by the entireties were created prior to September 8, 1916, upon authority of *Commerce Union Trust Co. et al.*, 21 B. T. A. 174.

The second issue relates to a question of law as to whether there should be included in the gross estate the value of the widow's child's share of the decedent's personal property to which she may have been entitled under section 319 R. S. Mo., 1919. In the case of *St. Louis Union Trust Co. et al., Executors*, 21 B. T. A. 1201, the Board held that the widow's child's share of a decedent's personal property, under the Missouri statutes, was properly included in the gross estate of the decedent under provisions of the Revenue Act of 1921, which are not unconstitutional. In the cases of *United States* v. *Waite* and *Crooks* v. *Hibba. l*, 33 Fed. (2d) 567, 280 U. S. 608, wherein the decedent died intestate in one case and the widow renounced the will in the other case and both widows elected to take a child's share of the realty in lieu of dower under section 324 R. S. Mo., 1919, and also a child's share of the personalty under section 319 R. S. Mo., 1919, the court held that the value of the realty was expressly included in the gross estate by section 402 (b) of the Revenue Act of 1918, and, further, that the widow took a child's share of the personalty under section 319 not as a doweress, but as a distributee; that her rights were measured by the rights of a child; and that the personal estates of the two decedents came within the requirements of section 402 (a) of the Revenue Act of 1918. Those decisions would be controlling in the instant case and the respondent's determination sustained even if the widow had claimed and received a child's share of the decedent's personalty, but instead she accepted the terms of the will, which provided that practically all of decedent's property be held in trust and that the income be paid to the widow during her lifetime. Accordingly, we are of the opinion that there is no basis in fact for petitioners' contention as to this issue and that respondent did not err in including in the gross estate the value of all of the personal property owned by decedent at the date of his death.

The third issue involves the allowance as a deduction from the gross estate of the executors' commissions duly allowed by the court and paid in the amount of $24,501.66. Of that amount respondent has allowed a deduction of $13,192 and petitioners are now entitled to a further and additional deduction of the sum of $11,309.66 under section 303 of the Revenue Act of 1924.

*Judgment will be entered pursuant to Rule 50.*