1350

WALLACE RENARD, EXECUTOR, ESTATE OF LOUIS RENARD, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35444. Promulgated January 23, 1931.

*David Barron, Esq.,* and *Irvin V. Barth, Esq.,* for the petitioner. *Harold Allen, Esq.,* for the respondent.

### OPINION.

TRUSSELL: In this proceeding petitioner, the executor of the estate of Louis Renard, deceased, contends that the respondent, in his determination of a deficiency in estate tax, in the amount of $4,198.62, erred in including in the decedent's gross estate (1) the value of the interest of decedent in Missouri real estate at the time of his death, and (2) the value of the widow's child's share of the personal estate of decedent at the time of his death.

Louis Renard, a resident of St. Louis, Mo., died testate on September 21, 1925, and was survived by his widow and three children. At the time of his death the decedent owned real property situated in Missouri and valued and appraised at the sum of $15,000.

The decedent devised no real estate to his widow. His last will and testament provides for certain specific bequests and a devise of realty to his son; for a trust, the income of which is to be paid to the widow for life and the corpus to revert to decedent's residuary estate after the widow's death; and the residue of his estate is left to his three children. The ninth clause of the said will provides that the provisions thereof in favor of decedent's wife are in lieu of any and all rights of dower and any and all her interests and rights whatsoever under the statutes of the State of Missouri. The widow did not renounce the will, but accepted the provisions thereof.

In determining the deficiency in controversy, the respondent has computed the value of the gross estate to be $460,911.22 and has

included therein the value of the real estate in the sum of $15,000, which petitioner claims is not a part of decedent's gross estate, for the reason that under the statutes of Missouri, real estate is not subject to the payment of the expenses of administration. The respondent has also included in the said value of the gross estate an amount representing one-fourth of the value of the decedent's personal property which petitioner claims is not a part of decedent's gross estate for the reason that under the laws of Missouri, the widow is entitled, absolutely, to a child's share of such property through the marriage relation.

On November 24, 1930, in the case of *Crooks* v. *Harrelson*, 282 U. S. 55, the Supreme Court of the United States decided that under the laws and the decisions of the courts of the State of Missouri, a decedent's real property situated in that State is not subject to the payment of expenses of administration and that therefore the value of decedent's interest in such property forms no part of his gross estate for Federal estate tax purposes, for the reason that such interest does not fulfill all four of the conjunctive conditions expressed in section 402 (a) of the Revenue Act of 1918, namely, (1) an interest of the decedent at the time of his death, which, after his death, is subject to (2) the payment of the charges against his estate, (3) the payment of the expenses of administration, and (4) distribution as part of his estate.

The estate tax involved in this proceeding is imposed by Title III of the Revenue Act of 1924, and the provisions of the apposite section 302 (a) thereof are identical with those composing section 402 (a) of the Revenue Act of 1918, and therefore, the decision in the *Harrelson* case, *supra*, is controlling as to the first issue in this proceeding. We must hold that the respondent erred in including in the gross estate of Louis Renard, deceased, the amount of $15,000 representing the value of Missouri real estate owned by him at the time of his death.

With respect to the second issue, we must hold that the respondent did not err in including in the gross estate the value of all of the personal property owned by the decedent at the time of his death, upon authority of our decision in *Mercantile-Commerce National Bank in St. Louis et al., Executors and Trustees*, 21 B. T. A. 1347.

*Judgment will be entered pursuant to Rule 50.*