## CONTINENTAL ILLINOIS BANK & TRUST CO. v. UNITED STATES.

### NORTHERN TRUST CO. et al. v. SAME.

### DEAN v. SAME.

#### Nos. 39477, 39375, 39546.

District Court, N. D. Illinois, E. D.
July 22, 1932.

Wilson & McIlvaine, of Chicago, Ill., for plaintiffs.

George E. Q. Johnson, U. S. Dist. Atty., and Dwight H. Green, Asst. U. S. Dist. Atty., both of Chicago, Ill.

WOODWARD, District Judge.

These causes were submitted to the court for trial without a jury on stipulations as to the facts.

In each case suit is brought to recover a tax paid under the estate tax law of 1924. The facts, so far as material to a determination of the issues involved, are briefly as follows:

*Lawson Estate.*

Victor F. Lawson died testate August 19, 1925, a resident of Cook county, Ill. The return for the estate tax was filed August 19, 1926. It showed real estate in Illinois valued at $778,542.68 and real estate in Wisconsin valued at $484,500, and other property which, with the real estate, made a gross estate valued at $21,559,940.78. Deductions amounted to $15,397,133.12, leaving a net estate of $6,-162,807.66 on which a tax of $655,546.15 was paid on August 19, 1926. Subsequently on demand a deficiency amounting to the sum of $18,612.55 and interest was paid on June 30, 1928. Included in the gross estate was an undivided one-third interest in what is known as the Iver Lawson property, valued at $225,922.31, on which a tax of $8,472 was paid.

*Bennett Estate.*

Catherine Bennett died testate May 21, 1925, a resident of Cook county, Ill. The decedent left a gross estate of $940,802.20, of which $170,000 consisted of real estate. Deductions amounted to $384,313.40, leaving a net estate of $556,488.80, on which a tax of $14,917 was paid. Thereafter a deficiency was demanded and paid amounting to $2,555.16.

*Bassett Estate.*

Robert J. Bassett died testate January 22, 1926, a resident of Cook county, Ill. Decedent left real estate in Illinois of the value of $356,277.26 and a gross estate of $361,-992.05. Deductions amounting to $52,150, left a net estate for the purpose of taxation of $309,842.05. An estate tax of $5,920.26 was paid.

The first contention made by plaintiffs is that section 302 (a) of the Revenue Act of 1924 (26 USCA § 1094 note), as construed by the Supreme Court in Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 75 L. Ed. 156, is unconstitutional and void. The court in the argument at the bar stated that it would hold section 302 (a) of the Revenue Act of 1924 to be a constitutional enactment. The court, therefore, without further argument passes over this contention and holds the section referred to to be a valid enactment. It is then contended, and this contention is common to all three cases, that, under the holding of the Supreme Court in the case of Crooks v. Harrelson, supra, real estate of a decedent situated in Illinois should not be included in the gross estate of the decedent

in computing the federal estate tax. In the case of Crooks v. Harrelson, supra, construing section 302 (a) of the Revenue Act of 1924, the court held that the interest of the decedent to be included in the gross estate must be subject to the payment of charges against the decedent's estate, subject to the payment of the expenses of administration and subject to distribution as a part of the decedent's estate. That case involved the question of whether real estate situated in Missouri should be included in the gross estate of the decedent. Under the law of Missouri as construed by the court, real estate could not be sold for the purpose of paying administration expenses, and, even where real estate has been sold to pay the debts of the decedent, the proceeds of such sale may not be applied in payment of administration expenses.

■■ The Illinois law, however, is materially different from that of Missouri. In Illinois, in case the personalty is insufficient to pay the debts of the decedent, decedent's real estate may be sold to pay such debts and also the costs of administration, and the proceeds from the sale of the land are applied in payment of the debts and of the administration expenses. The Illinois law (paragraph 99, c. 3, Callaghan's Illinois Statutes) provides: "When the executor or administrator has made a just and true account of the personal estate and debts to the county court, and it is ascertained that the personal estate of a decedent is insufficient to pay the just claims against his estate, and there is real estate to which such decedent had claim or title, such real estate, or such portion as may be necessary to satisfy the indebtedness of such decedent, and the expenses of administration, may be sold in the manner herein provided."

Three cases, namely, Walker v. Diehl, 79 Ill. 473, Fitzgerald v. Glancy, 49 Ill. 465, and Dorman v. Tost, 13 Ill. 127, hold that real estate in Illinois may not be sold merely to pay expenses of administration where there are no claims against the estate. Where, however, there are claims against the estate and the personalty is not sufficient to pay the claims, real estate may be sold for the payment of those claims and for the payment of the expenses of administration. Where there is a deficiency of personality to meet the claims, the purpose of selling the land is as much to pay administration expenses as it is to pay claims against the estate. The court holds, therefore, that the value of the real estate situated in Illinois was properly included as a part of the gross estate for the purpose of the estate tax in each of the cases

now under consideration and that the action cannot be maintained to recover any part of the taxes properly allocated to such real estate.

It was also contended in the Lawson estate that the value of the land in Wisconsin was improperly included in the gross estate of the decedent. This contention has been abandoned.

■ The Supreme Court of Illinois in the case of Lawson v. Illinois Merchants Trust Co., 337 Ill. 49, 168 N. E. 681, held that the undivided one-third interest of the decedent Victor F. Lawson in the Iver Lawson property did not pass to the decedent, but passed to decedent's brother. The value of this property, therefore, was improperly included as a part of the gross value of the Lawson estate. The taxes paid in the Lawson estate on account of the Iver Lawson property may be recovered.

In No. 39477 the court finds the issues for the plaintiff in the sum of $8,472.09 with interest thereon at the rate of 6 per cent. per annum from January 30, 1928, plus a proper proportionate amount of additional interest of $1,514.50 which was paid on January 30, 1928. Counsel for plaintiff will make the computations in order that a judgment may be entered for the correct sum.

In No. 39375 the court finds the issues for the defendant.

In No. 39546 the court finds the issues for the defendant.