GOTTLIEB v. WHITE, Collector of Internal Revenue.

No. 5069.

District Court, D. Massachusetts.

Nov. 29, 1932.

Samuel Gottlieb, of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge.

This action is brought to recover a federal estate tax, paid by the plaintiff as executor under the will of William F. McQuillen. The defendant has demurred to the declaration. It is alleged that McQuillen died February 24, 1926; that in accordance with the provisions of the Revenue Act of 1924 the plaintiff duly filed a return, as required by the federal estate tax provisions of such act; that the Commissioner of Internal Revenue determined the amount of the tax due from the estate to be $21,591.16, which amount, plus interest of $76.06, was paid by the plaintiff; that the Commissioner included in the gross estate of the decedent three parcels of real estate situated in Massachusetts, having a value of $68,790; that a claim for refund of the whole amount of the tax, or $21,667.22, was duly filed by the plaintiff, and was rejected by the Commissioner; that the United States Supreme Court, in the case of Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 51, 75 L. Ed. 156, had handed down a decision to the effect that the interest of a Missouri decedent in real estate situated in the state of Missouri could not properly be included in determining the value of the gross estate for taxation under the United States federal estate tax provisions of the Revenue Act of 1918, §§ 402 and 402 (a), 40 Stat. 1097, which sections were carried over into the Revenue Act of 1924 without change; that, as a result of this decision, sections 302 and 302 (a) of the Revenue Act of 1924 (26 USCA § 1094 note) must be held to be repugnant to the provisions of section 8, clause 1, of article 1, of the Constitution of the United States, which provides that all "Duties, Imposts and Excises shall be uniform throughout the United States"; that therefore the acts of the defendant in assessing and collecting said tax were illegal and in violation of the plaintiff's rights under the

Constitution of the United States, and the action of the Commissioner of Internal Revenue in rejecting the claim for refund was erroneous, illegal, and contrary to the Laws and Constitution of the United States; wherefore the plaintiff prays for judgment against the defendant for said sum of $21,667.22, with interest.

The single question presented in this demurrer involves the constitutionality of sections 302 and 302 (a) of the Revenue Act of 1924. These sections are:

Section 302: "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate. * * *"

It appears that in the state of Missouri the common-law rule that real estate cannot be sold to pay expenses of administration still obtains, and the court, in Crooks v. Harrelson, supra, has held that the real estate of a Missouri decedent could not properly be included in his gross estate because such real estate did not come within the scope of section 302 (a), since there was no concurrence of the three requirements set out in the statute, namely: (a) That the interest of the decedent be subject to the payment of charges against his estate; (b) that such interest be subject to the expenses of administration; and (c) that such interest be subject to a distribution as part of his estate.

■ According to the contentions of the plaintiff, one of the results of this decision is to demonstrate that Congress, in enacting section 302 (a), exceeded its authority by imposing an excise tax which was not uniform throughout the United States. The plaintiff very properly argues that the uniformity required by the Constitution with respect of excise taxes is geographical uniformity. See Knowlton v. Moore, 178 U. S. 41, 20 S. Ct. 747, 44 L. Ed. 969. There can no longer be any doubt about the proposition, and, if the tax does not meet this requirement, it must be declared unconstitutional.

■ Mr. Justice Brewer, in Fairbank v. United States, 181 U. S. 283, 285, 21 S. Ct. 648, 649, 45 L. Ed. 862, observed that: "The constitutionality of an act of Congress is a matter always requiring the most careful consideration. The presumptions are in favor of constitutionality, and before a court is justified in holding that the legislative power has been exercised beyond the limits granted, or in conflict with restrictions imposed by the fundamental law, the excess or conflict should be clear."

■ I am quite ready to accept the argument that Congress, in enacting the estate tax provisions of the Revenue Act of 1924, undoubtedly intended to bring within the gross estate all interests in the real estate owned by the decedent at the time of his death, whether situated in Missouri or elsewhere, but I cannot agree that, because the act has failed to accomplish the intended purposes, it should be declared unconstitutional. As was stated in Crooks v. Harrelson, supra: "Laws enacted with good intention, when put to the test, frequently, and to the surprise of the lawmaker himself, turn out to be mischievous, absurd, or otherwise objectionable. But in such case the remedy lies with the lawmaking authority, and not with the courts."

I have never seen it suggested that such laws could be declared unconstitutional by the court because they fell short of attaining the ends sought.

■ While the plaintiff's counsel concedes that the estate tax is an excise tax rather than a direct tax upon property, in his whole argument he seems to proceed upon a failure to differentiate between the two forms of taxes. He is repeatedly referring to the inequalities of the tax in its direct effect upon real estate. It is well to remember that this is a tax, not upon property, but upon the power to transmit or the transmission of property by death.

"The thing taxed is the transmission of property from the dead to the living." Mr. Justice Sutherland in Heiner v. Donnan, 285 U. S. 312, 52 S. Ct. 358, 359, 76 L. Ed. 772.

In Knowlton v. Moore, 178 U. S. 41, 20 S. Ct. 747, 750, 44 L. Ed. 969, Mr. Justice White, in considering the nature of death duties, makes this statement: "Taxes of this general character are universally deemed to relate, not to property eo nomine, but to its passage by will or by descent in cases of intestacy, as distinguished from taxes imposed on property, real or personal, as such, because of its ownership and possession."

The tax then attaches only in the event of death, and, when the event has happened, tax liability arises. The extent of that liability is measured by the value of the decedent's property which comes within the definitions of the act. The tax liability of

the estate of every decedent in the United States, whether administered in Massachusetts or Missouri, is measured by the same standard.

In Crooks v. Harrelson, supra, the Supreme Court refused to include Missouri real estate, solely on the ground that it was not property which, under the terms of the act, could be resorted to in determining the measure of the tax upon decedent's estate. It does not follow from the exclusion, however, that the Revenue Act of 1924 is not geographically uniform.

The doctrine of Crooks v. Harrelson, supra, was extended to estates of nonresident decedents in the case of the First Trust Company of Omaha v. Allen (C. C. A.) 60 F.(2d) 812, where a resident of Nebraska died leaving real estate in Nebraska, Iowa, and Missouri. It was conceded by the government that the Missouri real estate should not be included, and the court found that the Iowa real estate was subject to charges, expenses, and distribution, and therefore properly included. It is clear from the opinion that, if the common law had not been modified by statute in Iowa, the real estate situated there would have been excluded. Thus, on the admission of the government, Missouri real estate must be excluded, whether it constitutes a part of the estate of a resident of Missouri or a resident of any other of the United States. The law, therefore, bears with full force upon every estate wherever it is being administered, and there is no room for the claim that the statute does not meet the constitutional requirement of geographical uniformity.

We may derive help from further reference to the opinion in Knowlton v. Moore, supra, where the court, after it had considered at length the nature of death duties in general and the nature of the legacy tax of 1898, in particular, adds: "It is yet further asserted that the tax does not fulfill the requirements of geographical uniformity, for the following reason: As the primary rate of taxation depends upon the degree of relationship or want of relationship to a deceased person, it is argued that it cannot operate with geographical uniformity, inasmuch as testamentary and intestacy laws may differ in every state. It is certain that the same degree of relationship or want of relationship to the deceased, wherever existing, is levied on at the same rate throughout the United States. The tax is hence uniform throughout the United States, despite the fact that different conditions among the states may obtain as to the objects upon which the tax is levied. The proposition in substance assumes that the objects taxed by duties, imposts, and excises must be found in uniform quantities and conditions in the respective states, otherwise the tax levied on them will not be uniform throughout the United States. But what the Constitution commands is the imposition of a tax by the rule of geographical uniformity, not that in order to levy such a tax objects must be selected which exist uniformly in the several states."

It is said in Edye v. Robertson, 112 U. S. 580, 595, 5 S. Ct. 247, 252, 28 L. Ed. 798, that "perfect uniformity and perfect equality of taxation, in all the aspects in which the human mind can view it, is a baseless dream, as this court has said more than once."

The constitutionality of the sections assailed would seem to be indicated by the recent pronouncement of the Supreme Court in Florida v. Mellon, 273 U. S. 12, 47 S. Ct. 265, 71 L. Ed. 511; Poe, Coll. v. Seaborn, 282 U. S. 101, 51 S. Ct. 58, 75 L. Ed. 239; Phillips v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289. The constitutionality of the sections was upheld in Continental Illinois Bank & Trust Company v. United States (D. C.) 60 F.(2d) 1063, without comment.

Defendant's demurrer is sustained.