### In re MARBLE'S ESTATE.

### NATIONAL BANK OF THE REPUBLIC OF CHICAGO v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 4861.

Circuit Court of Appeals, Seventh Circuit.
March 10, 1933.

Rehearing Denied May 27, 1933.

J. Robert Sherrod and John C. Ristine, both of Washington, D. C. (McGilvray, Eames, Vaughan & Tilley, of Chicago, Ill., and Miller & Chevalier, of Washington, D. C., of counsel), for petitioners.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen. (C. M. Charest, General Counsel, Bureau of Internal Revenue, of Washington, D. C., and Eugene G. Smith, Sp. Atty. Bureau of Internal Revenue, of Washington, D. C., of counsel), for respondent.

Argued before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge (after stating the facts as above).

The sole question presented is whether under the circumstances stated, decedent's real estate in Illinois was rightly included in his gross estate. The determination of this question involves an interpretation of section 302 (a) of the Revenue Act of 1924, c. 234, 43 Stat. 253 (26 USCA § 1094 note),[1] and chapter 3, §§ 99, 108 of Smith-Hurd Rev. St. Ill. 1931, chapter 3, pars. 99 and 108, of Cahill's Illinois Revised Statutes (1931).[2]

The conditions expressed in clause (a), *supra*, are to the effect that the taxable estate must be (1) an interest of the decedent at the time of his death, (2) which after his death is subject to the payment of the charges against his estate, and the expenses of its administration, and (3) is subject to distribution as part of his estate. Those conditions are expressed conjunctively, and unless they are all fulfilled, decedent's real estate which is now in controversy was not taxable under this clause. United States v. Field, 255 U. S. 257, 41 S. Ct. 256, 65 L. Ed. 617, 18 A. L. R. 1461. Subsequent to that decision, the Treasury Department issued its regulations under the Revenue Act of 1921 (42 Stat. 227), in which it laid down a test in accordance with the rule announced in the Field case. That regulation was continued in subsequent regulations, including Regulations 70 (1929 Ed.) articles 10 and 11,[3] and applies to all cases when the decedent died prior to the effective date of the Revenue Act of 1926 (44 Stat. 9).

It is not controverted that decedent at the time of his death had an interest in the real estate, and that there were debts owing by decedent for which his estate was liable, but petitioner contends that under the laws of Illinois a decedent's real estate is not subject to administration expenses, nor can the proceeds thereof be used for that purpose; and that, inasmuch as there was more than sufficient personal property available to pay all administration expenses and all debts owing by decedent at the time of his death, the

---

[1] Revenue Act of 1924, c. 234, 43 Stat. 253 at page 304 (26 USCA § 1094 note):

Section 302: "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate: * * *."

[2] Smith-Hurd Ill. Rev. St. 1931, c. 3, Cahill's Revised Statutes (1931) c. 3:

"99. When the executor or administrator has made a just and true account of the personal estate and debts to the county court, and it is ascertained that the personal estate of a decedent is insufficient to pay the just claims against his estate, and there is real estate to which such decedent had claim or title, such real estate, or such portion as may be necessary to satisfy the indebtedness of such decedent, and the expenses of administration, may be sold in the manner herein provided."

"108. * * * And if, upon due examination, the court shall find that * * * the personal estate of the decedent is not sufficient to pay the debts against such estate, the court shall ascertain, as nearly as can be, the amount of deficiency, and how much of the real estate described in the petition it is necessary to sell to pay such deficiency, with the expenses of administration then due or to accrue, and make a decree for the sale thereof; *Provided,* that where any houses and lots, or other real estate, are so situated that a part thereof cannot be sold without manifest prejudice to the heirs, devisees, or owner, the court may order the sale of the whole

---

or such part as it may deem best, and the overplus arising from such sale shall be distributed among the heirs and devisees, owners, or such other persons as may be entitled thereto."

[3] Treasury Department Regulations 70 (1929 Ed.):

"Art. 10. *Character of interests included.*—
It is designed by the foregoing provision of the statute that there shall be included in the gross estate the value of all property of the decedent whether real or personal, tangible or intangible, the beneficial ownership of which was in the decedent at the time of his death.

"Where the decedent died prior to 10:25 a. m., Washington, D. C. time, February 26, 1926, the test which determines that the value of a given interest is to be included in the gross estate under the provisions of subdivisions (a) of the corresponding sections of the Revenue Acts prior to that of 1926, is whether the property, after death, shall be subject to: (1) Payment of the charges against the estate; (2) payment of the expenses of administration; and (3) distribution as a part of the estate. This test is not applicable if the decedent died subsequent to the effective date of the Revenue Act of 1926."

"Art. 11. *Specific property to be included.*—
The value of all real property situated in the United States and owned by the decedent at the date of his death should be included in the gross estate, whether the decedent was a resident or a nonresident, and whether the property came into the possession and control of the executor or administrator or passed directly to heirs or devisees. * * *"

real estate was not subject to the charges against the estate, or the expenses of administration, nor was it subject to distribution as a part of the estate. For those reasons it insists that the real estate is not subject to the tax laid against it.

By the express provisions of the Illinois statutes which are referred to in marginal note 2, *supra*, a decedent's real estate is made subject to administration expenses, when it becomes necessary to sell real estate in order to pay the debts of the decedent. The Illinois decisions relied upon to support petitioner's contention to the contrary are cases wherein the estate owed no debts except the costs of administration, and of course the costs of administration do not constitute a debt of the decedent. No Illinois decision has been brought to our attention which holds contrary to the plain provisions of the statute. Petitioner also relies upon Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 75 L. Ed. 156, in which it is held that under the common law, which has not been abrogated by the Missouri statute, a decedent's real estate is not subject to costs of administration in any event, and that the proceeds of such real estate cannot be used for that purpose. However, in Illinois the common law in that respect has been abrogated by the statutes cited, hence the case is not applicable. See Continental Illinois Bank & Trust Co. v. United States (D. C.) 60 F.(2d) 1063.

Petitioner also relies upon United States v. Field, *supra,* which held that the real estate in controversy was not taxable under subdivision (a), *supra,* but that decision was based upon the fact that decedent had no interest in the property at the time of her death.

 It is further contended by petitioner that real estate in Illinois is not subject to distribution within the meaning of section 302, *supra*. This contention is fully answered by section 1, c. 39, Smith-Hurd Rev. St. Ill. 1931, paragraph 1, section 1, chapter 39, Cahill's Illinois Revised Statutes (1931): "That estates, both real and personal, of residents and non-resident proprietors in this State dying intestate, or whose estates or any part thereof shall be deemed and taken as intestate estate, after all just debts and claims against such estate are fully paid, shall descend to and be distributed in manner following: * * * [Here follow the names of persons to whom such property descends.]" It is also provided in paragraph 108, chapter 3, *supra,* that in cases where a decedent's real estate is sold by order of the court for the payment of debts, the surplus, if any, shall be distributed to the heirs, devisees, owners or such other persons as may be entitled thereto.

It is insisted by petitioner, however, that the instant case is to be distinguished from those hereinbefore cited in that here there is sufficient personal property to pay all debts and administration expenses. That question was before the Circuit Court of Appeals for the Eighth Circuit, in First Trust Co. of Omaha v. Allen, 60 F.(2d) 812, and was held to be without merit. The court said that the test in determining whether the value of the interest of decedent in real property shall be included in the value of his gross estate is found in the words of the statute, and not in speculative probabilities as to the necessity for selling the real property during administration. With that principle we are in accord.

We are convinced that the facts here presented disclose a compliance with all the requirements of section 302 (a). The order is affirmed.