CONTINENTAL ILLINOIS BANK & TRUST CO. v. UNITED STATES and three other cases.

Nos. 4872–4875.

Circuit Court of Appeals, Seventh Circuit.

May 26, 1933.

508

William B. Hale, Calvin F. Selfridge, and George Fiedler, all of Chicago, Ill., for Continental Illinois Bank & Trust Co. et al.

Dwight H. Green, U. S. Atty., of Chicago, Ill. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and T. H. Lewis, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for the United States.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge (after stating the facts as above).

It is first contended by appellants that section 302(a) of the Revenue Act of 1924, supra, is violative of article 1, § 8, cl. 1, of the Constitution of the United States [2] which provides that all duties, imposts and excises shall be uniform throughout the United States. It is admitted that such required uniformity is geographical and not intrinsic. It is not contended by appellants that the alleged lack of geographical uniformity appears upon the face of the statute. They argue, however, that it arises by virtue of a decision of the United States Supreme Court in Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 75 L. Ed. 156, which held that a decedent's real estate under the laws of Missouri was not subject to the payment of expenses of administration and for that reason could not be included in the gross estate of a resident of that State for the purpose of computing estate taxes. Hence appellants insist that the taxes laid under the section referred to are not geographically uniform because the enactment does not include a decedent's real estate in Missouri.

With this contention we are not in accord. In Poe v. Seaborn, 282 U. S. 101, at page 117, 51 S. Ct. 58, 61, 75 L. Ed. 239, the Court said,

" * * * Differences of state law, which may bring a person within or without the category designated by Congress as taxable, may not be read into the Revenue Act to spell out a lack of uniformity."

In Knowlton v. Moore, 178 U. S. 41, at page 106, 20 S. Ct. 747, 773, 44 L. Ed. 969,

[2] "The Congress shall have Power To lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common Defence and general Welfare of the United States; but all Duties, Imposts and Excises shall be uniform throughout the United States."

the subject of geographical uniformity was quite exhaustively treated, and Mr. Justice White there speaking for the Court used the following language:

"Though there is a provision that all duties, imposts, and excises shall be uniform— that is, to be laid to the same amount on the same articles in each state—yet this will not prevent Congress from having it in their power to cause them to fall very unequally and much heavier on some states·than on others, because these duties may be laid on articles but little or not at all used in some other states, and of absolute necessity for the use and consumption of others; in which case, the first would pay little or no part of the revenue arising therefrom, while the whole or nearly the whole of it would be paid by the last. * * · * "

In Patton v. Brady, Executrix, 184 U. S. 608, 22 S. Ct. 493, 46 L. Ed. 713, the tax assessed was an excise on tobacco which was held valid. The Court quoted with approval the following language from the Head Money Cases, 112 U. S. 580, 5 S. Ct. 247, 252, 28 L. Ed. 798, " 'The tax is uniform when it operates with the same force and effect in every place where the subject of it is found.' "

In Florida v. Mellon, 273 U. S. 12, 47 S. Ct. 265, 266, 71 L. Ed. 511, it was contended that because the State of Florida did not impose an inheritance tax, the Federal Estate Tax Act was unconstitutional in that it allowed as a credit against the federal estate tax the inheritance taxes paid to the states, and that resident decedents of Florida were thus treated differently from decedents who were residents of other states which had inheritance tax laws. The Court held the act valid, saying,

"The contention that the federal tax is not uniform, because other states impose inheritance taxes while Florida does not, is without merit. Congress cannot accommodate its legislation to the conflicting or dissimilar laws of the several states nor, control the diverse conditions to be found in the various states which necessarily work unlike results from the enforcement of the same tax. All that the Constitution (article 1, § 8, cl. 1) requires is that the law shall be uniform in the sense that by its provisions the rule of liability shall be alike in all parts of the United States."

In Phillips v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 613, 75 L. Ed. 1289, the Court said,

"The extent and incidence of federal taxes not infrequently are affected by differences

in state laws; but such variations do not infringe the constitutional prohibitions against delegation of the taxing power or the requirement of geographical uniformity." (Citing Florida v. Mellon, supra; Crooks v. Harrelson, supra; Poe v. Seaborn, supra; and comparing Head Money Cases, supra, and Clark Distilling Co. v. Western Maryland Ry. Co., 242 U. S. 311, 37 S. Ct. 180, 61 L. Ed. 326, L. R. A. 1917B, 1218, Ann. Cas. 1917B, 845.

If, when the Federal Estate Tax Act was enacted, the laws of every state had provided that all property of each decedent, real or personal, should be subject to the payment of the charges against his estate and the expenses of administration and also be subject to distribution as part of his estate, the question of geographical uniformity would not have arisen. But if the contention of appellants were sound, then the subsequent enactment of any state to the effect that resident decedents' real estate should not be subject to the charges, or expenses of administration, or to distribution, as provided in the federal act, would render the federal act unconstitutional for lack of geographical uniformity. In other words, an admittedly constitutional federal enactment would be rendered unconstitutional by a subsequent state enactment. The time of such state enactment is not of importance, and the cases cited do not support appellants' contention.

■ Appellants recognize the principle that without offense to the constitution, an excise may be based directly upon and related directly to state laws where those laws are of the essence of the thing taxed. See Flint v. Stone Tracy Co., 220 U. S. 107, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312. They contend, however, that the classification in the federal statute is not of the essence of the thing taxed. In this we think they are in error. The thing taxed is the transfer of the certain net estates. The limitation is to the extent of the interest of the decedent in such estates which is subject to the payment of charges against his estate and the expenses of its administration, and which is subject to distribution as part of his estate. The basis of the classification is the relation of the property to the estate, and it is of the essence of the thing taxed.

■ It is contended by appellants that the trial court erred in holding that real estate in Illinois was properly included in the gross estate. This question was decided by this court adversely to their contention, March 10, 1933, in Re Estate of Edward M. Marble (National Bank of the Republic of Chicago v. Commissioner of Internal Revenue), 64 F.(2d) 745.

■ Cross-appellant contends that the trial court erred in permitting the Lawson estate to amend its petition, and in rendering judgment thereon for that estate in the sum of $9,165.19. It is disclosed by the record that the third ground of recovery was based on the alleged fact that there was included in the gross estate of Victor F. Lawson certain real estate which belonged to Iver Norman Lawson. Appellant had in its claim for refund attacked the validity of the entire assessment, and under one paragraph of the claim had asserted as a basis for such invalidity that the Commissioner had wrongfully included "certain real estate and personal property" which belonged to Iver Norman Lawson. In the specific description of such property in the claim, however, only two tracts of real estate were described. By the order allowing the filing of the amended petition, within the period within which appellant might have filed an amended claim for refund, appellant was permitted to enlarge the description by including a third parcel. It is cross-appellant's contention now that no recovery can be had as to such third parcel in view of the fact that its specific description was omitted from the claim for refund. We consider the principles laid down in United States v. Memphis Cotton Oil Co., 288 U. S. 62, 53 S. Ct. 278, 77 L. Ed. 619, as determining this question adversely to such contention.

Judgment affirmed.