**GOTTLIEB v. WHITE, Collector.**
No. 2876.

Circuit Court of Appeals, First Circuit.
March 14, 1934.

Samuel Gottlieb and Israel Gorovitz, both of Boston, Mass., for appellant.

Helen R. Carloss, Sp. Asst. to Atty. Gen. (Sewall Key, J. Louis Monarch, and Lester L. Gibson, Sp. Assts. to Atty. Gen., and Francis J. W. Ford, U. S. Atty., and J. Duke Smith, Sp. Asst. to U. S. Atty., both of Boston, Mass., on the brief), for appellee.

Before WILSON and MORTON, Circuit Judges, and PETERS, District Judge.

MORTON, Circuit Judge.

This is an action to recover federal inheritance taxes collected under the Revenue Act of 1924, §§ 301 and 302 (26 USCA §§ 1092 note, 1093, 1094 note). The plaintiff's contention is that the tax was illegally exacted because section 302 was unconstitutional. The defendant demurred to the declaration; the District Judge sustained the demurrer (1

F. Supp. 905); and the plaintiffs appealed. The statute in question was amended by the Revenue Act of 1926 (26 USCA §§ 1092, 1093, 1094); and the question before us involves only taxes under law no longer in force. The plaintiff's declaration, which is admittedly sufficient both in form and in substance to raise the question, is summarized in the opinion of the District Judge, supra.

The statute reads as follows (26 USCA § 1094 note):

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate *and the expenses of its administration* [italics supplied] and is subject to distribution as part of his estate. * * *" 43 Stat. 304.

The difficulty with this statute is created by the provision restricting the application of the tax to property of the decedent's estate which was *"subject to * * * the expenses of its administration."* Whether the real estate of a decedent is subject to such expenses is a matter of state law. In twelve states of the Union it is not. In Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 75 L. Ed. 156, it was decided that to such real estate the tax did not apply. The plaintiff's contention is that the statute imposed a tax which was not "uniform throughout the United States" and was therefore in violation of article 1, § 8, of the Constitution, and which was also so arbitrary, discriminatory, and legally unfair as to violate the Fifth Amendment. These constitutional provisions read as follows:

Article 1, section 8. "The Congress shall have Power To lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common Defence and general Welfare of the United States; *but all Duties, Imposts and Excises shall be uniform throughout the United States."* (Italics supplied.)

Amendments article V. "No person shall * * * *be deprived of life, liberty, or property, without due process of law;* * * * nor shall private property be taken for public use, without just compensation." (Italics supplied.)

That the statute presents real difficulty in its constitutional aspects can hardly be denied. The *government* contended in Crooks v. Harrelson, supra, that to construe the stat-

ute as it was finally construed by that decision, would be to make it of very doubtful constitutionality. This view, which was then pressed upon the court with much force and ability for the government, is now pressed upon us by the plaintiffs.

■ The tax in question is not upon property; it is an excise upon the right to transmit property by will or by descent. Interests in real estate, and in other property if there be such, which do not come within the statute, are not taxed. The place of domicile of the deceased owner is immaterial. First Trust Co. v. Allen, 60 F.(2d) 812 (C. C. A. 8). On the face of the statute there is no lack of geographical uniformity. It applies to all estates and to all property within its descriptive term. As has been often said, however, taxation is a practical matter and tax statutes are to be judged by their practical results. Nicol v. Ames, 173 U. S. 509, 19 S. Ct. 522, 43 L. Ed. 786; Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081. The practical effect of the statute before us was to tax the devolution of real estate owned in fee by a decedent, in about thirty-six states, and not to tax it in the remaining states. This result was reached by incorporating state law into a federal statute to define the subject-matter taxed, a very unusual provision.

■ The constitutional validity of the statute is to be judged as of the date of its enactment. If valid at that time, it would not be invalidated by subsequent changes in state laws. On the other hand, if then invalid, the possibility of changes in state law cannot be invoked in aid of it. The states still have sufficient independence and vitality not to be subject to that sort of coercion by the federal government.

■ The difficult question is whether the unquestionable lack of uniformity in the application of the statute due to differences in state laws is ground for avoiding it. "The extent and incidence of federal taxes not infrequently are affected by differences in state laws; but such variations do not infringe the constitutional prohibitions against delegation of the taxing power or the requirement of geographical uniformity." Brandeis, J., Phillips v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 613, 75 L. Ed. 1289. See, too, Florida v. Mellon, 273 U. S. 12, 47 S. Ct. 265, 71 L. Ed. 511; Poe v. Seaborn, 282 U. S. 101, 51 S. Ct. 58, 75 L. Ed. 239; Knowlton v. Moore, 178 U. S. 41, 20 S. Ct. 747, 44 L. Ed. 969; Continental Illinois Bank & Trust Co. v. United States, 65 F.(2d) 506 (C. C. A. 7).

Even so, the lack of uniformity in the statute is so inherent and substantial as to bring it close to the line. The unescapable fact is that the devise or descent of certain real estate in three quarters of the Union is taxed and in the other quarter is not taxed.

■■ The question before us is, however, not of the first impression. In the Continental Illinois Bank & Trust Company Case, supra, the statute was held to be constitutional by the Court of Appeals of the Seventh Circuit, and certiorari was denied in October 1933. The circumstances give to this denial much greater weight than usual. The Supreme Court was familiar with the statute through the comparatively recent case of Crooks v. Harrelson, supra. If the court had felt serious doubts as to the constitutionality of the statute, it seems altogether probable that it would have granted certiorari. We are dealing with provisions of law which were repealed eight years ago, with a belated attack on a statute under which large amounts of taxes have been collected over the larger part of the country. Clearly we ought not to overthrow the statute, and set up a conflict between circuits which would require the matter to be passed upon by the Supreme Court on anything less than a clear conviction that the statute is not constitutional. The doubts which we entertain about its validity fall far short of a clear conviction that it is unconstitutional.

The judgment of the District Court is affirmed.