## UNITED STATES v. KESTERSON et al.
### No. 7887.

District Court, N. D. Oklahoma.
Nov. 8, 1934.

C. E. Bailey, U. S. Dist. Atty., and Chester A. Brewer and Joe Howard, Asst. U. S. Dist. Attys., all of Tulsa, Okl., for the United States.

Hickman & Ungerman, of Tulsa, Okl., for defendants.

FRANKLIN E. KENNAMER, District Judge.

An indictment was returned into this court, charging the defendants with possession of whisky for sale as retail liquor dealers, within the jurisdiction of this court, without having paid the special excise tax of $1,000, in violation of section 206, title 26 USCA. The defendants have demurred to the indictment, challenging the constitutionality of the act of Congress, as set forth in section 206, supra, because it violates the provisions of article 1, § 8, cl. 1, of the Constitution of the United States, which reads as follows: "Section 8. The Congress shall have Power To lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common Defence and general Welfare of the United States; but all Duties, Imposts and Excises shall be uniform throughout the United States."

The act of Congress under which the defendants are prosecuted provides that there shall be levied, collected, and paid annually a special excise tax of $1,000, in the case of every person carrying on the business of a retail liquor dealer in any state contrary to the laws of such state, or in any place therein which the carrying on of such business is prohibited by local or municipal law. Under the provisions of section 205, title 26 USCA, retail dealers in liquor are required to pay an annual excise tax of $25. It is contended the provisions of the statute requiring the payment of $1,000 in states where the carrying on of such business is prohibited by state laws violates the uniformity provision of the Constitution, because the "rate" or "amount" of an excise must be the same throughout the United States, and must operate throughout the United States uniformly from a geographical standpoint, for the reason the excise must be for the same amount or at the same rate in every state in the Union wherein the subject of the excise may be found, and that the uniformity of the excise has reference to geographical uniformity. Head Money Cases (Edye v. Robertson) 112 U. S. 596, 5 S. Ct. 247, 28 L. Ed. 798; Billings v. United States, 232 U. S. 261, 34 S. Ct. 421, 58 L. Ed. 596; Knowlton v. Moore, 178 U. S. 96, 20 S. Ct. 747, 44 L. Ed. 969; La Belle Iron Works v. U. S., 256 U. S. 377, 41 S. Ct. 528, 65 L. Ed. 998; Patton v. Brady, 184 U. S. 622, 22 S. Ct. 493, 46 L. Ed. 713; Brushaber v. Union Pac. R. Co., 240 U. S. 1, 36 S. Ct. 236, 60 L. Ed. 493; Flint v. Stone Tracy Co., 220 U. S. 107, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312; United States v. Singer, 15 Wall. 118, 21 L. Ed. 49.

It is well established by the authorities above cited that the uniformity of the excise has reference to its geographical operation. I am of the opinion the statute challenged meets all the requirments of the rule established by the authorities.

Counsel for the defendant have fallen into the error of assuming that the subject of the tax is the business of carrying on that of a retail liquor dealer, and while that is part of the subject of the tax, I am unable to reach the conclusion that that is the whole

subject of the tax. It would appear that the subject of the tax is that of a retail liquor dealer in a state or place within the state where such business is rendered illegal under the laws of the state. The taxes imposed are upon an unlawful business and operate uniformly throughout the United States, where such unlawful business is engaged in. The $25 tax provided for under section 205, supra, is a uniform tax provided for upon a legal business and is a uniform tax wherever such business is engaged in.

In the case of James Clark Distilling Co. v. Western Maryland R. Co., 242 U. S. 311, 37 S. Ct. 180, 61 L. Ed. 326, L. R. A. 1917B, 1218, Ann. Cas. 1917B, 845, the court sustained the Webb-Kenyon Act (37 Stat. 699), prohibiting the transportation of intoxicating liquors into states prohibiting the sale of such liquors, because its provisions applied to all states within the class and under the power of Congress to regulate interstate commerce.

In the case of Poe v. Seaborn, 282 U. S. 101, 51 S. Ct. 58, 61, 75 L. Ed. 239, the court had under consideration the constitutionality of income tax as provided for in sections 210 and 211 of the Revenue Act of 1926 (26 USCA §§ 951 note, 952 note). The sections provided a uniform rate of taxation on incomes, but were attacked on the ground of alleged nonuniformity, for the reason in some of the states the income of the wife belonged to the husband, while in other states the income of the wife was her own, and for that reason it was contended the tax could not be uniform throughout the United States. The court sustained the constitutionality of the act, and in the opinion said: "The answer to such argument, however, is, that the constitutional requirement of uniformity is not intrinsic, but geographic. Billings v. United States, 232 U. S. 261, 34 S. Ct. 421, 58 L. Ed. 596; Head Money Cases (Edye v. Robertson) 112 U. S. 580, 5 S. Ct. 247, 28 L. Ed. 798; Knowlton v. Moore, 178 U. S. 41, 20 S. Ct. 747, 44 L. Ed. 969. And differences of state law, which may bring a person within or without the category designated by Congress as taxable, may not be read into the Revenue Act to spell out a lack of uniformity. Florida v. Mellon, 273 U. S. 12, 47 S. Ct. 265, 71 L. Ed. 511."

See Continental Illinois Bank & Trust Co. v. United States (C. C. A.) 65 F.(2d) 506; Gottlieb v. White, Collector (C. C. A.) 69 F.(2d) 792.

My conclusion is that the act operates uniformly upon the subject of the tax, that is, wherever the unlawful business of a retail liquor dealer is carried on, and that the act meets all necessary constitutional requirements.

The demurrer is overruled.