**GREEN v. PAGE, Collector of Internal Revenue et al.**

No. 221.

District Court, S. D. Georgia, Augusta Division.

Jan. 8, 1935.

I. S. Peebles, Jr., Roy V. Harris, and Jeff D. Curry, all of Augusta, Ga., for petitioner.

J. Saxton Daniel, U. S. Dist. Atty., and Dunbar Harrison, Asst. U. S. Dist. Atty., both of Savannah, Ga., for respondents.

James M. Hull, Jr., of Augusta, Ga., and W. A. Sutherland and F. M. Bird, both of Atlanta, Ga., amici curiæ.

BARRETT, District Judge.

Eddie Green brought suit against W. E. Page, United States Internal Revenue Collector for Georgia, and against his two deputies, James T. Gordon and M. I. Marks, alleging as follows:

Petitioner is a wholesale dealer in malt liquors in the city of Augusta, Ga., and has paid all internal revenue taxes lawfully required by the laws of the United States for the year ending June 30, 1935. On September 16, 1934, petitioner received from the said Page a notice that he must pay a tax of $1,000 under section 701, Revenue Act 1926 (title 26 USCA § 206).[1] Embodied in such notice was the following paragraph: "Section 701, above-referred to, also provides that failure to pay this special tax of $1,000.00 shall subject the dealer to a penalty of not more than $1,000.00 or to imprisonment of not more than one year, or both in the discretion of the court."

On December 8, 1934, a notice and demand for the payment of the said tax and a penalty of $250 in order to "avoid further penalty and interest" and to "avoid seizure and sale of property" was served on petitioner. The said notices and demand were served by Deputy Collector Marks, who notified petitioner that: "Unless said sums of said alleged excise tax and penalty should be paid within six hours he would make a levy upon petitioner's place of business * * * for the satisfaction of said alleged tax by warrant or distraint which he actually holds for said tax or penalty." It is alleged that neither section 3244, Rev. St., as amended (title 26 USCA § 205), nor said section 701, confers "such power that the said Collector seeks to exercise, and he and his deputies are undertaking to punish the complainant by fines and penalties for an alleged criminal offense without hearing, information, indictment or trial by jury, contrary to the Federal Constitution guaranteeing the trial by jury, embodied in the Seventh Amendment of the Federal Constitution, * * * and without due process of law, embodied in the Fourteenth Amendment to the Federal Constitution, * * * and without affording petitioner an equal protection of the law afforded to citizens of other states as required by the 14th Amendment to the Federal Constitution."

It is alleged that said section 701 is unconstitutional and void for the following reasons, stated here in an abbreviated way: (1) Because if it is a tax it is not uniform throughout the United States and is violative of section 8, cl. 1 of article 1 of the Federal Constitution; (2) because said section does not provide for a tax but for a penalty, and Congress has no power to impose a penalty for the violation of a local or municipal law, nor has it the power to collect a penalty by assessment or distress warrant, without due process of law, and said proceeding is violative of the due process clause of the Constitution; (3) because the penalty provided applies only to dealers where prohibited by municipal or local law and not throughout the United States, and thus lacks uniformity; (4) because all penalties enacted by Congress for the unlawful sale of malt or intoxicating liquors, enacted by virtue of

---

[1] Revenue Act 1926, § 701, embodied in 26 USCA § 206, is as follows: "Same; brewers, distillers, and so forth; where business prohibited. On and after July 1, 1926, there shall be levied, collected, and paid annually, a special excise tax of $1,000, in the case of every person carrying on the business of a brewer, distiller, wholesale liquor dealer, retail liquor dealer, wholesale dealer in malt liquor, retail dealer in malt liquor, or manufacturer of stills, * * * in any State, Territory, or District of the United States contrary to the laws of such State, Territory, or District, or in any place therein in which carrying on such business is prohibited by local or municipal law. The payment of the tax imposed by this section shall not be held to exempt any person from any penalty or punishment provided for by the laws of any State, Territory, or District for carrying on such business in such State, Territory, or District, or in any manner to authorize the commencement or continuance of such business contrary to the laws of such State, Territory, or District, or in places prohibited by local or municipal law."

the Eighteenth Amendment to the Constitution, were repealed by the Twenty-First Amendment to the Constitution and by Act of Congress approved March 22, 1933 (section 1(a), embodied in title 26 USCA § 506c; (5) that said Twenty-First Amendment to the Constitution took from Congress authority to impose penalties for the sale of malt liquors within a state.

It is further alleged that recovery of a penalty cannot be enforced by distraint. Further, that petitioner applied to and received from the deputy collector of internal revenue at Augusta permission to engage in the business of selling beer and malt liquors, and was informed by such deputy if he paid the license or stamp tax required under the acts of Congress no other taxes or penalties would be assessed against him, and petitioner paid said taxes and proceeded with his business. Further, that petitioner is without adequate and complete remedy at law; that said penalty of $1,000 is arbitrary and excessive and amounts to a confiscation of the property and business of petitioner.

It is alleged that a Treasury decision of the United States (No. 3911), approved July 30, 1926, places said section 701 under the caption "Taxes classed as penalties" and further: " * * * That Arthur J. Mellott, Deputy Commissioner of Internal Revenue in charge of the United States Treasury's Alcohol Tax Unit, in a radio address delivered on December 6, 1934, while discussing the probability of additional legislation at the next session of Congress to aid further in the suppression of different phases of the illicit liquor traffic, said: 'But meanwhile the Treasury is doing its best. It imposes on any manufacturer or distributor within a dry state a tax of $1,000.00. This is prohibitive in its intent.' "

The prayers are for a temporary restraining order and a permanent injunction, and that the said so-called tax under section 701 be declared unconstitutional, null and void, and unenforceable.

The defendants moved to dismiss the bill of complaint because it was wholly without equity, did not state sufficient facts to constitute a valid cause of action in equity, and the petitioner has a full, complete, and adequate remedy at law; that Rev. St. § 3224 (title 26 USCA § 154) provides that: "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

There are no facts alleged that take this case out of the above-quoted provision of section 3224. If, therefore, it be held that the $1,000, payment of which has been demanded, is a tax, this bill of complaint must be dismissed.

It is urged, however, that if the said $1,000 (and I do not think it necessary to deal with the penalties for failure to promptly pay) be a penalty and not a tax, the motion to dismiss must be overruled, because even if such section were valid at the time of its adoption in 1926, by virtue of the grant of power in the Eighteenth Amendment, it fell when the Eighteenth Amendment was repealed by the Twenty-First Amendment; and, further, if at the time of its adoption it was a penalty it is void because there has never been a grant to the United States to impose a penalty in aid of the enforcement of a state law; and, again, because a penalty cannot be collected by distraint, even though it may be collectible by suit.

Is or is not the so-called tax a penalty?

It is called a tax by Congress. Is such designation conclusive?

The Supreme Court of the United States, dealing with a so-called tax under the National Prohibition Act, answered this in the case of United States v. La Franca, 282 U. S. 568, on page 572, 51 S. Ct. 278, 280, 75 L. Ed. 551, as follows: "This, in reality, is but to say that a person who makes an illegal sale shall be liable to pay a 'tax' in double the amount of the tax imposed by preexisting law for making a legal sale, which existing law renders it impossible to make. A 'tax' is an enforced contribution to provide for the support of government; a 'penalty,' as the word is here used, is an exaction imposed by statute as punishment for an unlawful act. The two words are not interchangeable one for the other. No mere exercise of the art of lexicography can alter the essential nature of an act or a thing; and if an exaction be clearly a penalty it cannot be converted into a tax by the simple expedient of calling it such. That the exaction here in question is not a true tax, but a penalty involving the idea of punishment for infraction of the law is settled by Lipke v. Lederer, 259 U. S. 557, 561, 562, 42 S. Ct. 549, 66 L. Ed. 1061. See, also, Regal Drug Corp. v. Wardell, 260 U. S. 386, 43 S. Ct. 152, 67 L. Ed. 318."

Under the very terms of the statute this tax is neither imposed nor collectible until there shall have been a violation of law ac-

complished or in contemplation. The fact that such a violation was of the law of a state or of one of its subsidiary branches is immaterial as affecting the purpose of the act, though it may be very material as to the authority of Congress to pass a law for the purpose of aiding in the enforcement of the criminal law of a state.

In the case of Helwig v. United States, 188 U. S. 605, on page 612, 23 S. Ct. 427, 429, 47 L. Ed. 614, there was involved the question of adding to the regular duties a further sum equal to 2 per centum of the total appraised value for each 1 per centum that such appraised value exceeds the value declared in the entry, and it was said: "Whether the error is repaired by imposing the sum named as an additional duty is not material in the consideration of the nature of the imposition. It is still a punishment and nothing else, because of the carelessness, ignorance, or mistake, without fraudulent intent, upon the part of the importer. If the fraudulent intent were present, the penalty would be enlarged and the goods forfeited. In both cases the nature of the penalty is the same, only in one case it is satisfied by the imposition of a certain amount of money, while in the other a total forfeiture is demanded."

Again said the United States Supreme Court, in the case of Lipke v. Lederer, 259 U. S. 557, on page 562, 42 S. Ct. 549, 551, 66 L. Ed. 1061, in considering section 35, tit. 2, of the National Prohibition Act (27 USCA § 52): "Evidence of crime (section 29 [27 USCA § 46]) is essential to assessment under section 35. It lacks all the ordinary characteristics of a tax, whose primary function 'is to provide for the support of the government' and clearly involves the idea of punishment for infraction of the law—the definite function of a penalty."

If revenue were desired for the support of the government, rather than prohibition, common knowledge leads to the conclusion that such an imposition under section 701 would nullify the large revenue derived from the regular tax of $20 imposed on retailers and $50 on wholesalers in states where prohibition does not exist. Malt liquor is to a very large extent dispensed in retail by small dealers whose business is not of a magnitude to warrant the payment of $1,000. If dealers cannot function as retailers there will be but few purchasers from the wholesalers and manufacturers, and thus the revenue from the $20 for retailers and $50 for wholesalers, many times multiplied, would be practically, if not entirely, destroyed.

The tax on a retail dealer in malt liquors in states where it is not declared unlawful by state authorities is $20, on the wholesaler $50, on brewers $100 (title 26 USCA §§ 202, 205); and yet each and all of these are increased by section 701 not in proportion to the taxes imposed where the business is not a violation of the law, but in one case fifty times, in another case twenty times, and in another ten times the amount of the tax. What explanation can there be for this difference other than treating it as a penalty?

While interpretations of law made by those who are administering it are not conclusive, they are to be given great effect, and sometimes have the force of law. As to the Army, see Gratiot v. United States, 4 How. (45 U. S.) 80, 11 L. Ed. 884; as to the Navy, Ex parte Reed, 100 U. S. 13, 25 L. Ed. 538. In United States v. Philbrick, 120 U. S. 52, headnote 3, 7 S. Ct. 413, 30 L. Ed. 559, we find: "The contemporaneous construction of a statute by the Executive Department charged with its execution is entitled to great weight, and ought not to be overturned unless clearly erroneous."

The following quotation from said Treasury decision 3911 makes the meaning more clear:

"To Prohibition Administrators, Collectors of Internal Revenue, and Others Concerned:

"Hereafter the following instructions will govern administrators and other officers in reporting taxes for assessment under existing internal revenue and prohibition laws: The subjects of internal revenue and prohibition taxes are divided into two classes: (1) Internal-revenue taxes proper—that is those generally recognized as such, and which, when due, may be reported for assessment without any formal hearing to the taxpayer; and (2) those that, while in the nature of internal-revenue taxes, are, nevertheless, held to be penalties, and must be collected through the United States Courts. The following list of internal-revenue taxes may be reported without formal hearing, but in no instance should any item of tax be reported for assessment without satisfactory proof that such tax is actually due by the taxpayer:

"Under section 3244, Revised Statutes: * * *

"(Caption)

"Taxes Classed as Penalties

"Under section 701 of the Revenue Act of 1926."

It is further significant that section 35, title 2, of the National Prohibition Act, which is dealt with in the Lipke-Lederer and La Franca Cases, is placed under this classification.

In addition to said Treasury decision 3911, referred to in the bill of complaint, classifying this alleged tax as a penalty and the very recent interpretation by the Assistant Secretary of the Treasury declaring it "a prohibitive measure," we find that in October, 1933, there issued from the Commissioner of Internal Revenue of the Treasury Department an address to "Collectors of Internal Revenue and others concerned" under the caption, "Provisions of law relating to internal revenue taxes and duties at present in effect and continuing with the repeal of the eighteenth amendment until otherwise changed by legislation, in respect to distilled spirits, wines, fermented malt liquors, and special taxes"; and, significantly, there is omitted therefrom the so-called tax provided for in said section 701.

The necessity for additional authority to the United States in order for it to control or regulate, except for the purpose of revenue, the manufacturing, transportation, and dealing in intoxicating liquor was recognized by the Eighteenth Amendment to the Constitution. Whatever power was granted by the Eighteenth Amendment was recalled by the Twenty-First Amendment and, with the recall of the power, necessarily fell acts of Congress adopted thereunder.

Penalties are not collectible by distraint, but must be collected by suit. Title 26 USCA § 142. That this view is taken by the Treasury Department is evidenced by said decision 3911. See, also, decision of Judge Foster in Accardo v. Fontenot (D. C.) 269 F. 447, which was affirmed by the Circuit Court of Appeals of the Fifth Circuit, 278 F. 871.

That the remedy at law is not complete needs no further illustration than that, while a tax wrongfully exacted and paid can be recovered by suit (title 26 USCA § 156), there is no provision that a penalty paid can be recovered by suit. Fontenot v. Accardo (C. C. A.) 278 F. 871, 875.

The conclusion must follow from what has been stated that the so-called tax in section 701 is not a tax but it is a penalty; that Congress had no authority to adopt such a penalty prior to the adoption of the Eighteenth Amendment to the Constitution, if then; that, if such authority was granted by the Eighteenth Amendment, it was repealed and recalled by the Twenty-First Amendment; that a penalty cannot be collected by distraint; and that therefore said defendants should be permanently enjoined from proceeding under the distraint complained of.

Let a decree be presented in accordance herewith.

The above conclusion has been reached with full appreciation of the reluctance on the part of a trial court to set aside the declared purpose of Congress or to declare an act of Congress unconstitutional. When, however, a court has diligently and conscientiously striven to ascertain the law, and has reached a definite and positive conclusion, there is no other course except to give such conclusion expression.