**KESTERSON et al. v. UNITED STATES.**

No. 1176.

Circuit Court of Appeals, Tenth Circuit.

April 8, 1935.

Frank Hickman, of Tulsa, Okl. (Hickman & Ungerman, of Tulsa, Okl., on the brief), for appellants.

Joe W. Howard, Asst. U. S. Atty., of Tulsa, Okl. (C. E. Bailey, U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

LEWIS, Circuit Judge.

An indictment returned against appellants charged them with carrying on the business of a retail liquor dealer in Tulsa, Oklahoma, on August 17, 1934, contrary to the laws of said state, without having paid the special excise tax of $1000 as required by 26 USCA § 206.

Section 205 (a), 26 USCA, prescribes a $25 tax for retail liquor dealers, while said section 206 prescribes a $1000 tax for retail liquor dealers where state or local law prohibits the carrying on of such business.

Appellants challenged the constitutionality of the statute by demurrer upon these grounds: (1) That said section 206 is violative of article 1, § 8, cl. 1 of the United States Constitution. (2) That the tax provided by said section is in the nature of a penalty, and not for the purpose of raising revenue.

The court below overruled the demurrer, and held section 206 levying a special excise tax of $1000 did not violate the constitutional requirement of uniformity, notwithstanding section 205 levied an annual excise tax of $25 on retail dealers, because section 206 operates uniformly throughout the United States wherever the unlawful business of retail liquor dealers is carried on. The opinion may be found in 8 F. Supp. 680.

The Twenty-First Amendment which repealed the Eighteenth Amendment of the Constitution was ratified December 5, 1933. Thereupon the Eighteenth Amendment became inoperative. The National Prohibition Act (27 USCA), to the extent its provisions rested upon the grant of authority to Congress by the Eighteenth Amendment, immediately fell. United States v. Chambers, 291 U. S. 217, 54 S. Ct. 434, 78 L. Ed. 763, 89 A. L. R. 1510.

The authority of Congress thereafter to prescribe this $1000 levy must be found in article 1, § 8, cl. 1, of the Constitution, which authorizes Congress to enact revenue measures. It requires that excise taxes shall be uniform throughout the United States. Counsel argue the applicability of numerous Supreme Court decisions which hold that constitutional uniformity means geographical uniformity, but they do not discuss the

primary question of whether section 206 prescribes a tax or a penalty.

In passing upon section 206 we must have proper regard for the right of Congress to enact revenue measures and must construe the act, if fairly possible, to be constitutional. At the same time we must remember that Congress derives its power to legislate from the Constitution. The exaction of $1000 under said section upon retail liquor dealers where the business is unlawful necessarily serves to restrain and regulate. Taxing statutes have been sustained where the courts have been able to say that the statute was primarily a revenue measure, although Congress had the incidental motive of discouraging the subject of the tax.

Mr. Justice Day in United States v. Doremus (1919) 249 U. S. 86, 39 S. Ct. 214, 216, 63 L. Ed. 493, summarized much of the law up to that time. By the Harrison Narcotic Drug Act (Act Dec. 17, 1914, 38 Stat. 785) Congress undertook to regulate the sale of narcotic drugs in the United States. The act imposed a special tax on the manufacture, importation, sale or gift thereof. It aimed by the imposition of penalties to confine the sale of drugs to registered dealers, to physicians, and to persons with prescriptions. The law provided for registration, keeping of records, and the giving of prescriptions. Doremus, a physician, was indicted for dispensing to a "dope fiend" a certain quantity of heroin without a written order required on a form issued by the Commissioner of Internal Revenue and not in the course of his practice. Upon demurrer to the indictment the District Court held the act unconstitutional for the reason that it was not a revenue measure, and was an invasion of the police power reserved to the states. The lower court was reversed. The court said in part:

"The only limitation upon the power of Congress to levy excise taxes of the character now under consideration is geographical uniformity throughout the United States. This court has often declared it cannot add others. Subject to such limitation Congress may select the subjects of taxation, and may exercise the power conferred at its discretion. License Tax Cases, 5 Wall. 462, 471, 18 L. Ed. 497. Of course Congress may not in the exercise of federal power exert authority wholly reserved to the states. Many decisions of this court have so declared. And from an early day the court has held that the fact that other motives

may impel the exercise of federal taxing power does not authorize the courts to inquire into that subject. If the legislation enacted has some reasonable relation to the exercise of the taxing authority conferred by the Constitution, it cannot be invalidated because of the supposed motives which induced it. Veazie Bank v. Fenno, 8 Wall. 533, 541, 19 L. Ed. 482, in which case this court sustained a tax on a state bank issue of circulating notes. McCray v. United States, 195 U. S. 27, 24 S. Ct. 769, 49 L. Ed. 78, 1 Ann. Cas. 561, where the power was thoroughly considered, and an act levying a special tax upon oleomargarine artificially colored was sustained. And see Flint v. Stone Tracy Co., 220 U. S. 107, 147, 153, 156, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312, and cases cited.

"Nor is it sufficient to invalidate the taxing authority given to the Congress by the Constitution that the same business may be regulated by the police power of the state. License Tax Cases, 5 Wall. 462, 18 L. Ed. 497, supra.

"The act may not be declared unconstitutional because its effect may be to accomplish another purpose as well as the raising of revenue. If the legislation is within the taxing authority of Congress—that is sufficient to sustain it. In re Kollock, 165 U. S. 526, 536, 17 S. Ct. 444, 41 L. Ed. 813.

"The legislation under consideration was before us in a case concerning section 8 of the act [26 USCA § 700], and in the course of the decision we said: 'It may be assumed that the statute has a moral end as well as revenue in view, but we are of opinion that the District Court, in treating those ends as to be reached only through a revenue measure and within the limits of a revenue measure, was right. United States v. Jin Fuey Moy, 241 U. S. 394, 402, 36 S. Ct. 658, 659, 60 L. Ed. 1061, Ann. Cas. 1917D, 854.' "

The court concluded that the provisions as to registration, the keeping of records, and prescriptions had a proper relation to the raising of revenue. Four Justices dissented from that conclusion. The Harrison Narcotic Drug Act has since been regarded as valid as a revenue measure, but in Linder v. United States, 268 U. S. 5, at page 17, 45 S. Ct. 446, 449, 69 L. Ed. 819, 39 A. L. R. 229, Mr. Justice McReynolds warns: "Congress cannot, under the pretext of executing delegated power, pass laws for the accomplishment of objects not entrusted to the federal government. And we accept as

established doctrine that any provision of an act of Congress ostensibly enacted under power granted by the Constitution, not naturally and reasonably adapted to the effective exercise of such power, but solely to the achievement of something plainly within power reserved to the states, is invalid and cannot be enforced. McCulloch v. Maryland, 4 Wheat. 316, 423, 4 L. Ed. 579; License Tax Cases, 5 Wall. 462, 18 L. Ed. 497; United States v. DeWitt, 9 Wall. 41, 19 L. Ed. 593; Keller v. United States, 213 U. S. 138, 29 S. Ct. 470, 53 L. Ed. 737, 16 Ann. Cas. 1066; Hammer v. Dagenhart, 247 U. S. 251, 38 S. Ct. 529, 62 L. Ed. 1101, 3 A. L. R. 649, Ann. Cas. 1918E, 724; Child Labor Tax Case, 259 U. S. 20, 42 S. Ct. 449, 66 L. Ed. 817, 21 A. L. R. 1432."

Penalties and taxes are considered in Bailey v. Drexel Furniture Co. (Child Labor Tax Case) 259 U. S. 20, 42 S. Ct. 449, 66 L. Ed. 817, 21 A. L. R. 1432. By the Child Labor Tax Congress imposed an "excise tax" equivalent to 10% of the net profits for the year upon any person employing child labor in violation of the statute regulating such employment. The Drexel Furniture Company of North Carolina sued to recover back a tax paid under protest for violation of said act. Plaintiff recovered in the District Court, and the judgment was affirmed. In delivering the opinion of the court Mr. Chief Justice Taft said in 259 U. S. 20, at page 36 et seq., 42 S. Ct. 449, 450, 66 L. Ed. 817, 21 A. L. R. 1432:

"The law is attacked on the ground that it is a regulation of the employment of child labor in the states—an exclusively state function, under the federal Constitution and within the reservations of the Tenth Amendment. It is defended on the ground that it is a mere excise tax levied by the Congress of the United States under its broad power of taxation conferred by section 8, article 1, of the Federal Constitution. * * * .Does this law impose a tax with only that incidental restraint and regulation which a tax must inevitably involve? Or does it regulate by the use of the so-called tax as a penalty? If a tax, it is clearly an excise. If it were an excise on a commodity or other thing of value, we might not be permitted under previous decisions of this court to infer solely from its heavy burden that the act intends a prohibition instead of a tax. But this act is more. It provides a heavy exaction for a departure from a detailed and specified course of conduct in business. * * * Its prohibitory and regulatory effect and purpose are palpable.

All others can see and understand this. How can we properly shut our minds to it?

"It is the high duty and function of this court in cases regularly brought to its bar to decline to recognize or enforce seeming laws of Congress, dealing with subjects not intrusted to Congress, but left or committed by the supreme law of the land to the control of the states. We cannot avoid the duty, even though it require us to refuse to give effect to legislation designed to promote the highest good. The good sought in unconstitutional legislation is an insidious feature, because it leads citizens and legislators of good purpose to promote it, without thought of the serious breach it will make in the ark of our covenant, or the harm which will come from breaking down recognized standards. In the maintenance of local self-government, on the one hand, and the national power, on the other, our country has been able to endure and prosper for near a century and a half.

"Out of a proper respect for the acts of a co-ordinate branch of the government, this court has gone far to sustain taxing acts as such, even though there has been ground for suspecting, from the weight of the tax, it was intended to destroy its subject. But in the act before us the presumption of validity cannot prevail, because the proof of the contrary is found on the very face of its provisions. * * *

"Taxes are occasionally imposed in the discretion of the Legislature on proper subjects with the primary motive of obtaining revenue from them and with the incidental motive of discouraging them by making their continuance onerous. They do not lose their character as taxes because of the incidental motive. But there comes a time in the extension of the penalizing features of the so-called tax when it loses its character as such and becomes a mere penalty, with the characteristics of regulation and punishment. Such is the case in the law before us."

In Hill v. Wallace, 259 U. S. 44, 42 S. Ct. 453, 66 L. Ed. 822, the act regulating by taxation the business of grain exchanges was held unconstitutional. In Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 551, 66 L. Ed. 1061, so-called taxes retained in force and imposed by section 35 of the National Prohibition Act (27 USCA § 52) upon dealing in liquor prohibited and made criminal by the act were held to be in reality penalties:

"The mere use of the word 'tax' in an act primarily designed to define and sup-

press crime is not enough to show that within the true intendment of the term a tax was laid. Bailey v. Drexel Furniture Co. [Child Labor Tax Case] 259 U. S. 20, 42 S. Ct. 449, 66 L. Ed. 817 [21 A. L. R. 1432] (May 15, 1922). When by its very nature the imposition is a penalty, it must be so regarded. Helwig v. United States, 188 U. S. 605, 613, 23 S. Ct. 427, 47 L. Ed. 614. Evidence of crime (section 29 [27 USCA § 40]) is essential to assessment under section 35. It lacks all the ordinary characteristics of a tax, whose primary function 'is to provide for the support of the government' and clearly involves the idea of punishment for infraction of the law—the definite function of a penalty. O'Sullivan v. Felix, 233 U. S. 318, 324, 34 S. Ct. 596, 58 L. Ed. 980."

 Section 206, 26 USCA (44 Stat. 95), was passed while we had the Eighteenth Amendment and National Prohibition, and most states had their own prohibition laws. By payment of the $1000 "special excise tax" the taxpayer acquired no license or authority to carry on the business of retail liquor dealer contrary to state or local prohibitory laws (License Tax Cases, 5 Wall. 462, 18 L. Ed. 497), nor did he acquire a license authorizing him to violate the National Prohibition Act, as long as it remained the law. It is apparent we think that the $1000 exaction was prescribed as a regulatory measure to provide an additional penalty. At the time charged in the indictment the tax in "wet" territory was, theretofore had been, and since has been only $25. The main purpose of making it forty-fold in "dry" territory was, it seems to us, to aid in the suppression of dealing in liquor, a subject over which Congress has had no power since the repeal of the Eighteenth Amendment. Several courts have decided recently that the $1000 exaction is a penalty and not a tax. Cleveland v. Davis (D. C. S. D. Ala.) 9 F. Supp. 337; Green v. Page, Collector (D. C. S. D. Ga.) 9 F. Supp. 844, decided January 8, 1935; Constantine v. United States (C. C. A. 5) 75 F.(2d) 928, decided March 15, 1935.

Counsel press on our attention the first issue raised by the demurrer. Inasmuch as we are of opinion that said section 206 provided a penalty and not a tax, it seems unnecessary to determine whether that section violated the uniformity requirement of the Constitution.

Reversed with directions to vacate the judgment and enter an order discharging appellants.

Circuit Court of Appeals, Seventh Circuit.
May 6, 1935.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and Warren F. Wattles, Sp. Assts. to Atty. Gen., and John MacC. Hudson, of Washington, D. C., for petitioner.

Edward Sonnenschein, Herbert M. Lautmann, I. E. Ferguson, and Leonard M. Rieser, all of Chicago, Ill., for respondent.

Before EVANS, SPARKS, and ALSCHULER, Circuit Judges.