**SENATE CLUB, Inc., et al. v. VILEY, Collector of Internal Revenue, et al.**

No. 1906.

District Court, D. Idaho, S. D.

April 16, 1935.

James F. Ailshie, Jr., W. H. Langroise, and J. R. Smead, all of Boise, Idaho, for complainants.

John A. Carver, U. S. Dist. Atty., and Erle H. Casterlin and Frank Griffin, Asst. U. S. Dist. Attys., all of Boise, Idaho, for defendants.

CAVANAH, District Judge.

The complainants by bill in equity seek an injunction forbidding the collection of an alleged excise tax of $1,000 under section 701, Revenue Act 1926 (Title 26 U.S.C.A. § 206, see 26 U.S.C.A. § 1395), and for such relief it assails the statute under which the payment of $1,000 is demanded by the defendants, as United States Internal Collector and Investigator for the District of Idaho, as being invalid under section 8, article 1 of and the Fifth and Fourteenth Amendments to the Constitution of the United States.

In substance, the bill alleges that the Senate Club is a nonprofit association organized under the laws of Idaho, with its principal place of business in the city of Boise, Idaho, and that E. R. Baldwin is manager and Walter Seavey an employee of the club; that all lawful internal revenue taxes for the year ending June 30, 1935, have been paid by the club; that on April 9, 1935, the defendants in their official capacity demanded payment of the excise tax of complainants in the sum of $1,000, and for failure to pay the same a distraint warrant would issue. Defendants entered the premises occupied by the club and attempted to take into their possession all whiskies, wines, and other intoxicating liquors, and threatened to confiscate the same and arrest the complainants.

The defendants move to dismiss, and assert that the bill fails to state a cause of action, and that it is uncertain as it cannot be ascertained therefrom whether

the complainants claim that the $1,000 special excise tax is a tax or penalty, or whether they are endeavoring to restrain the collection of the excise tax or endeavoring to restrain defendants from using evidence secured at the premises occupied by the complainants, and whether the endeavor is made to restrain defendants from enforcing the provisions of the Internal Revenue Act.

Complainants' contention is based on two propositions, both essential to its conclusion that the alleged excise tax is invalid. They are: First, that although stated in the act to be a "special tax" it is in reality a penalty, and as such falls within the class of penalties which may not be imposed by Congress under section 8, article 1 of the Constitution, granting power to Congress to lay and collect taxes, duties, imports, and excises.

By section 701 of the Revenue Act of 1926, 44 Stat. 95 (Title 26 U.S.C.A. § 206, see 26 U.S.C.A. § 1395), it is provided that every person carrying on the business of retail liquor dealer, etc., in any place prohibited by local or municipal law, shall pay annually a special excise tax of $1,000, in addition to all other taxes. The history of the legislation of the act we are considering appears to be that the original act was adopted by Congress in 1918, § 1001, 40 Stat. 1126, and was repeated in the Act of 1924, § 701, and which contains similar provisions as the present act excepting those hereafter referred to. The Act of 1924, § 701 (43 Stat. 326) reads:

"Every person carrying on the business of a brewer, distiller, wholesale liquor dealer, retail liquor dealer, wholesale dealer in malt liquor, retail dealer in malt liquor, or manufacturer of stills, as defined in section 3244 as amended and section 3247 of the Revised Statutes, in any State, Territory, or District of the United States contrary to the laws of such State, Territory, or District, or in any place therein in which carrying on such business is prohibited by local or municipal law, shall pay, in addition to all other taxes, special or otherwise, imposed by existing law or by this Act, $1,000. The payment of the tax imposed by this subdivision shall not be held to exempt any person from any penalty or punishment provided for by the laws of any State, Territory, or District for carrying on such business in such State, Territory or District, or in any manner to authorize the commencement or continuance of such business contrary to the laws of such State, Territory, or District, or in places prohibited by local or municipal law.

"The taxes imposed by this section shall, in the case of persons upon whom a corresponding tax is imposed by section 1001 of the Revenue Act of 1921, be in lieu of such tax."

And the present Act of 1926, 26 U.S.C.A. §§ 206, 192, see 26 U.S.C.A. §§ 1395, 1397 (a) (2), reads:

"Sec. 701. On and after July 1, 1926, there shall be levied, collected, and paid annually, in lieu of the tax imposed by section 701 of the Revenue Act of 1924, a special excise tax of $1,000, in the case of every person carrying on the business of a brewer, distiller, wholesale liquor dealer, retail liquor dealer, wholesale dealer in malt liquor, retail dealer in malt liquor, or manufacturer of stills, as defined in section 3244 as amended and section 3247 of the Revised Statutes, in any State, Territory, or District of the United States contrary to the laws of such State, Territory, or District, or in any place therein in which carrying on such business is prohibited by local or municipal law. The payment of the tax imposed by this section shall not be held to exempt any person from any penalty or punishment provided for by the laws of any State, Territory, or District for carrying on such business in such State, Territory, or District, or in any manner to authorize the commencement or continuance of such business contrary to the laws of such State, Territory or District, or in places prohibited by local or municipal law.

"Any person who carries on any business or occupation for which a special tax is imposed by this section, without having paid such special tax, shall, besides being liable for the payment of such special tax, be subject to a penalty of not more than $1,000 or to imprisonment for not more than one year, or both."

The interpretation urged by the defendants of the two acts is that the Acts of 1924 provides that every person carrying on the business of retail liquor dealer in any state, contrary to the laws of such state or municipal law, "shall pay, in addition to all other taxes, special or otherwise, imposed by existing law or by this Act, $1,000"; while the Act of 1926

provides the payment annually "in lieu of the tax imposed by section 701 of the Revenue Act of 1924, a special excise tax ~of $1,000," and a penalty of $1,000, and imprisonment for not paying such special tax of $1,000, thereby providing for both a special excise tax and a penalty which are separate and distinct, and the contention that the act relates solely to the attempt to collect a penalty would not apply under the 1926 act. It will be observed that the Act of 1924 provides that every person carrying on the business of retail liquor dealer, in any state where such business is prohibited by local or municipal law, "shall pay, in addition to all other taxes, special or otherwise, imposed by existing law or by this Act, $1,000," which seems clear to relate to the collection of $1,000 in addition to all other taxes, and is not part of, or a tax, but an amount to be paid for infraction of the law. In other words, all revenue taxes are retained and the item of $1,000 is in addition to taxes in the event a violation of a state or municipal law occurs. This is made more clear by the Act of 1926 as section 701 of that act carries over the provision of the Act of 1924, excepting dropping out the words "shall pay, in addition to all other taxes, special or otherwise, imposed by existing law or by this Act," and inserting the words "a special excise tax of $1,000," in lieu of the tax imposed by the Act of 1924, and providing, in addition, a penalty for the violation of the act. The collection of the item of $1,000, in addition to all other taxes, is dependent upon a violation of a state or municipal law, and is nothing more than the exaction of a sum of money to be paid by way of punishment for doing an act that is unlawful. Both acts retain the provision that the payment of the $1,000 is dependent upon violation of a local or municipal law, and should be construed to mean as independent of taxes, but the argument is made by the defendants that the act of 1926 is different and a repeal of the 1924 act, and the correct construction to be placed upon it is that it provides for taxes in lieu of all other internal revenue taxes required to be paid by those engaged in the business as retail liquor dealers. When we read the two acts together, the 1926 act is not susceptible to that interpretation, for it specifically states that, "in lieu of the tax imposed by section 701 of the Revenue Act of 1924," the excise tax of $1,000 shall be paid which refers only to the additional amount of $1,000 contained in the 1924 act which the Supreme Court has held to be a penalty and does not cover or refer to any other item or tax. Had the Act of 1926 stated that "in lieu of the taxes imposed by the Act of 1924" the excise tax of $1,000 shall be paid and stopped there, then it could be said that it repealed the 1924 act and provided for a tax; but in that connection it goes further and makes the collection of the $1,000 dependent upon the act of violating a local or municipal law, which in effect is a punishment for so doing. Because the acts contain the words "special excise tax" or by using some form of words cannot take away the duty of the court to consider and determine by independent inquiry its true nature and effect, and whether by its operation it is in reality a tax or a penalty, because, after all, the nature of a tax must be determined by its operation rather than by the particular descriptive language which may have been applied to it. United States v. La Franca, 282 U.S. 568, 51 S.Ct. 278, 280, 75 L.Ed. 551. As said by the Supreme Court in United States v. La Franca, supra, when in construing section 701 of the Act of 1924 (26 U.S.C.A. § 206 note), that: "A 'tax' is an enforced contribution to provide for the support of government; a 'penalty,' as the word is here used, is an exaction imposed by statute as punishment for an unlawful act. The two words are not interchangeable one for the other. No mere exercise of the art of lexicography can alter the essential nature of an act or a thing; and if an exaction be clearly a penalty it cannot be converted into a tax by the simple expedient of calling it such. That the exaction here in question is not a true tax, but a penalty involving the idea of punishment for infraction of the law is settled by Lipke v. Lederer, 259 U.S. 557, 561–562, 42 S.Ct. 549, 66 L.Ed. 1061."

■ If we look to the operation of the present act, it is plain that it can have no application to the taxing power, but is confined to the payment of a sum of money in the event a violation of a local or municipal law occurs. It is not a true tax, but involves punishment for infraction of the law. A double penalty is provided in it, for the provision, "any

person who carries on any business or occupation for which a special tax is imposed by this section, without having paid such special tax, shall, besides being liable for the payment of such special tax, be subject to a penalty of not more than $1,000 or imprisonment for not more than one year, or both," makes it a penalty by way of punishment for violating the section of the act which in itself is nothing more than a penalty as shown, and would be a penalty for a violation of a penalty.

The precise question now presented as to whether the 1926 act provides for a penalty and its collection can be enjoined was answered in the recent cases: Green v. Page, Collector (D.C.) 9 F.Supp. 844; Cleveland v. Davis, Collector (D.C.) 9 F.Supp. 337; where it was held that the federal government has no right in the absence of constitutional grant to regulate or prohibit the dealing in liquor, except in levying a revenue tax, and as the government has already imposed a tax of $25 for the privilege of doing business as a liquor dealer, and operates uniformly over the whole country, it must be assumed that the sum of $1,000 was imposed in states whose laws prohibit such business, and to prevent the taking out of licenses in such states. The laws of Idaho prohibit every person from carrying on the business of retail liquor dealer. Chapter 103, Idaho 1935 Session Laws. Having in mind the ends sought by the Act of 1926, the self-evident operation of its provision is to cause a penalty to be levied when a state law is violated, and therefore the defendants should be enjoined from attempting to enforce an unconstitutional act.

In view of the conclusion thus reached, that Congress had no power to enact section 701 of the Act of 1926, it would seem unnecessary to dispose of the second proposition urged by complainants, that the act should fall for lack of uniformity, but as the question was pressed it is sufficient to say that the act should not fall for that reason, as the Supreme Court has said, where the question is whether the operation of taxes may fall unevenly in the various states, that "the answer to such argument, however, is, that the constitutional requirement of uniformity is not intrinsic, but geographic. Billings v. United States, 232 U.S. 261 [34 S.Ct. 421, 58 L.Ed. 596]; Head Money Cases, 112 U.S. 580, 5 S.Ct. 247, 28 L.Ed. 798; Knowlton v. Moore, 178 U.S. 41, 20 S.Ct. 747, 44 L.Ed. 969. And differences of state law, which may bring a person within or without the category designated by Congress as taxable, may not be read into the Revenue Act to spell out a lack of uniformity. Florida v. Mellon, 273 U.S. 12, 47 S.Ct. 265, 71 L.Ed. 511." Poe v. Seaborn, 282 U.S. 101, 117, 118, 51 S.Ct. 58, 61, 75 L.Ed. 239; Continental Illinois Bank & Trust Co. v. U. S. (C.C.A.) 65 F.(2d) 506; Gottlieb v. White, Collector (C.C.A.) 69 F.(2d) 792; United States v. Kesterson et al. (D.C.) 8 F.Supp. 680; James Clark Distilling Co. v. Western Maryland Railway Co. et al., 242 U.S. 311, 37 S.Ct. 180, 61 L.Ed. 326, L.R.A. 1917B, 1218, Ann.Cas. 1917B, 845.

The ground of uncertainty urged by the defendants is not tenable, for it is made clear from the bill that the defendants are attempting to enforce an unconstitutional act of Congress in the collection of a penalty, and to confiscate complainants' property.

These considerations dispose of the grounds urged by the motion, and require the overruling of it.